## ERROR IN WITHDRAWING A WILL CASE FROM THE JURY.

Court of Appeals for Hamilton County.

CHARLES W. H. KAMMANN ET AL V. ALBERT AUGUST
KAMMANN, A WIDOWER, ET AL.

Decided, May 12, 1916.

*Wills—Procedure for Contest of Will—Motion to Direct a Verdict for Defendants Does Not Lie, When—Trial Judge May Not Weigh the Evidence After the Presumption of Probate Has Been Overcome.*

1. Where, in a will contest, there is evidence offered by the contestants which overcomes the presumption arising from the probate of the will, the case must be referred to the jury for determination as to the weight of the evidence, and the granting, under such circumstances, of a motion to arrest the case from the jury and give judgment for the defendants is error.

2. In the opinion of a majority of the court there was evidence offered by the contestants in the instant case sufficient to overcome said presumption, and a submission of the case to the jury was therefore required.

*Kinkead & Rogers* and *Wm. Jerome Kuertz,* for plaintiffs in error.

*Herrlinger & Dixon* and *Lorbach & Garver,* contra.

JONES (Oliver B.), J.

Plaintiffs in error in this proceeding seek to reverse the judgment of the court of common pleas sustaining the will of Anna M. Kammann, deceased. They are the children of the deceased

brother of the testatrix, and by the terms of her will they were
excluded from participation in her estate which with the ex-
ception of two small legacies was left to her surviving brother
and his children.

The action below was brought under the statute to contest
the validity of this will. At the trial of the cause an issue was
made up as to whether or not the writing produced was the last
will of said testatrix, and proponents introduced in evidence said
will and the order of the probate court admitting same to pro-
bate, and then rested. The contestants then offered evidence
tending to show that the testatrix was without capacity to make
a rational disposition of her property. At the conclusion of the
evidence offered by contestants, the trial judge on motion of
the proponents directed the jury to return a verdict finding
that the will presented to them was the last will and testament
of the testatrix. To this ruling exception was duly taken, a mo-
tion to set aside the verdict and for new trial filed, which was
overruled, and judgment was entered on the verdict, to all of
which said contestants duly excepted.

The question to be here determined is whether the trial court
erred in so directing a verdict.

The laws of Ohio provide for the probate of a will in the
probate court. The proceedings there are *ex parte* (*Bradford*
v. *Andrews,* 20 O. S., 208, 222). The only testimony heard
there is that of the witnesses to the will and such other witnesses
as may be desired by any person interested in having the will
admitted to probate (G. C. 10516). No provision is made for
hearing evidence at the instance of a person opposed to the
probate of the will.

While an appeal can be taken to the common pleas court by
a person aggrieved in case of the refusal to admit a will to pro-
bate (G. C. 10532), there is no such provision where the will
is admitted to probate. But instead a special proceeding is
provided to contest a will after it has been admitted to probate,
by a civil action in the common pleas court of the county in
which such probate was had (G. C. 12079 to 12087). This ac-
tion can be brought by any person interested in the will, and
all the devisees, legatees and heirs of the testator and other

interested persons including the executor or administrator must be made parties.

When a petition to contest a will is filed the clerk of the common pleas court certifies that fact to the probate court where the will has been probated, and that court is required to forthwith transmit to the court of common pleas the will, testimony and all the papers relating thereto, together with a copy of the order of probate, all duly certified (G. C. 10534). Thereupon further proceedings for the settlement of the estate under the terms of the will are suspended until the final judgment is had in the will contest when a copy of such final judgment shall be certified to the probate court by the clerk of the common pleas court, who shall also return to such probate court the will and other papers theretofore transmitted by it.

In the common pleas court in the action to contest a will an issue must be made up, either by the pleadings or by order of the court, whether or not the writing produced is the last will of the testator. This issue must be tried by a jury. And the law provides that the verdict shall be conclusive, unless a new trial be granted or the judgment is reversed or vacated (G. C. 12082). In this trial it is provided that the order of probate shall be *prima facie* evidence of the due attestation, execution and validity of the will (G. C. 12083). It will be observed that these two sections, 12082 and 12083, are in a measure inconsistent with each other.

Provision is made for the conduct of the trial, the proponent or party sustaining the will being entitled to open and close both the evidence and the argument. But in opening the evidence he must merely offer the will and its probate and then rest. The contestant then offers his evidence, and then the rebutting evidence may be offered as in other cases (G. C. 12085).

A consideration of all these provisions shows that while the statute makes its probate *prima facie* evidence, the real test of the due attestation, execution and validity of the will is determined in the action to contest it.

The order of probate in the probate court before an action to contest the will has been filed has the force and effect of a judgment, but it is practically suspended when such contest is

filed, and is superseded by the final judgment in the contest case.

The contest is an original proceeding connected only with the probate in that it can not be commenced until the will has been probated, for the reason that until then there is in law no will to contest. It is however in the nature of an appeal from the order of probate, and in such contest all of the material facts as to the execution, attestation and validity of the will are placed in issue to be heard and determined *de novo* with full opportunity for both sides to offer evidence and argument and without reference to the order of the probate court in admitting the will to probate except that the burden of proof is thereby cast upon the contestant to invalidate the will (*Haynes* v. *Haynes*, 33 O. S., 598).

The action to contest a will is denominated in the statute (G. C. 12079) as a civil action, and it is tried in the same manner and subject to the same rules as other civil actions except as to any modifications required by the special statutes providing for it, found in Chapter 8, Division VII of Title IV, General Code. In such trial, while it has been held in *Walker* v. *Walker,* 14 O. S., 157, that the provisions of G. C. 12082, requiring a jury trial are imperative, and in *Holt* v. *Lamb,* 17 O. S., 374, that a court can not proceed by mere decree, without the intervention of a jury, in *Wagner* v. *Ziegler,* 44 O. S., 65, it is determined that where the evidence does not tend to prove the issue on the part of plaintiff showing improper restraint or incapacity of the decedent to make a will, the court has power at the conclusion of plaintiff's testimony to direct a verdict sustaining the will.

The so-called "scintilla rule" does not apply to it in full force for the reason that the *prima facie* evidence furnished by the order of probate must be first met and neutralized by sufficient evidence. When this has been done and in addition to the *quantum* of evidence necessary for such purpose evidence however slight is produced tending to prove the facts essential to plaintiff's case, then the motion for a directed verdict in favor of the defendants can not be properly granted, but the case must be submitted to the jury under proper instructions.

In other words, in the trial of a will contest case it is first necessary for the contestant to produce sufficient evidence as a

minimum to balance that furnished by the order of probate of the will, and after that has been done and the evidence so adduced by him not only fully equalizes the *prima facie* case made for the contestee by the order of probate, but in addition to that minimum also tends to prove in all particulars the issues required to be sustained by plaintiff, then upon the filing of a motion by defendant for a directed verdict sustaining the will the court must apply the doctrine laid down in *Ellis* v. *Ins. Co.,* 4 O. S., 628, as to the excess evidence required beyond the minimum necessary to meet the order of probate, and treat as fully proved all that such evidence in any degree tends to prove, and take as fully established every fact that such evidence conduces to establish and all reasonable inferences from it. The court is not permitted to weigh the evidence beyond the determination of the required minimum, because it is the right of the plaintiff to have its weight and sufficiency passed upon by the jury.

Applying these principles, upon which all the members of the court are in accord, to the case here under consideration, it is the opinion of the majority of the court that the evidence was sufficient not only to rebut the presumption arising from the probate of the will, but that it also tended to prove that testatrix was so lacking in mental capacity and so controlled by delusions that she was unable to make a rational choice in determining the proper objects of her bounty in making her will, to the extent that she was not possessed of testamentary capacity at the time of its execution (*Wadsworth* v. *Purdy,* 12 C.C.[N. S.], 8), and that the trial court erred in granting the motion for a peremptory instruction (*Wilder* v. *Taylor,* 87 O. S., 520).

Judge Gorman, however, is of the opinion that the evidence is not sufficient to overcome the presumption arising from the probate of the will and to require a submission of the case to the jury, and therefore dissents from the reversal of the judgment.

Judgment reversed, and cause remanded for new trial.

JONES (E. H.), P. J., concurs; GORMAN, J., dissents.