Hughes, J.
This is an action commonly known as a will-contest under the statutes.
The record discloses that there was no evidence offered by the contestants tending to prove a lack of mental capacity on the part of the testator to make the will, nor tending to prove undue influence, except the evidence of two physicians. No other issues were suggested throughout the record. These two physicians had no personal acquaintance with the testator, but, in answer to a hypothetical question based upon facts that had been testified to with more or less clearness by other witnesses, each stated that in his opinion the testator had not sufficient mental capacity to make a will.
At the close of the evidence, the court, upon the motion of the defendants, directed the jury to return a verdict in favor of the defendants, declaring the paper writing- to be the last will and testament of testator.
This was done by the trial court, as he then stated, “leaving out the question of the hypothetical *328 question to the two physicians because their answers were based upon statements that were made to them and not upon the facts in the case; they had no personal knowledge or acquaintance with the party,” upon the theory that in a will case the trial court is not bound by the scintilla rule, but is required to first weigh the evidence and determine whether or not the contestant has offered sufficient evidence to overcome the prima facie case made by the defendants by the introduction in evidence of the original will and the record of its probate.
Authority for this proposition is to be found in such cases as Gomien, Exrx., v. Weidemier, 27 C. C., N. S., 177, and Kammann v. Kammann, 6 Ohio App., 455, and the cases commented upon in the above-named authorities.
In a will-contest case the issues are to be first made up and then tried by a jury, and we can see no reason for making an exception to these cases and permitting the court at any stage of the proceedings to weigh the evidence. The contestant has as much right to have the issues of fact determined by the jury in these cases as he has in any other case in which he is entitled to a jury trial.
It is argued, in the instant case, that had the verdict of the jury been in favor of the contestants, the court would have been required to set aside the same as against the weight of the evidence, and he therefore was obliged to direct a verdict because of this fact, in conjunction with the fact that the defendants started with a prima facie case under the statute, which they claim it was the province of the court to say had not been overcome.
*329 Defendants had, it is true, made a prima facie case by the introduction of the will and the probate record, yet it was the right of the contestants to have the facts in the case determined by a jury, and when the contestants had offered evidence tending to prove each material fact involved in the issues, the matter became just as much a question of fact for the jury in this case as in any other, and there can be no reason why the trial court should be authorized to weigh the evidence to the extent of determining whether or not it was sufficient to overcome this prima facie case, and, if in his opinion it was not, to direct a verdict.
It can as well be said in cases of this kind as in the trial of any other jury case, to quote Judge Ranney:
“Aside from the fact that such a practice involves an assumption of power by the court which the constitution and the laws have committed to the jury, in the very case supposed, the plaintiff would have good cause to complain of injury. A nonsuit puts him out of court, and charges him with the costs; a new trial leaves him in court, and, ordinarily, exacts the costs from the other side. It would also have deprived the plaintiff of the benefit of Section 98 of the practice act of 1831, limiting the power of the court, in granting new trials, to not more than two to the same party." Ellis & Morton v. The Ohio Life Ins. & Trust Co., 4 Ohio St., 628, 646.
If the rule be otherwise, what is there to prevent the court from weighing all the evidence that has been offered in any will case and passing judgment upon it by saying that it is not sufficient to over *330 come the prima facie case? Why could not the court in any case say, that, because the witnesses who have testified against the will would profit by setting it aside, they are prejudiced, and their evidence could not be considered as overcoming the prima facie case ? Or, why could not the court say that those numerous witnesses, who are but business acquaintances, who have testified to the mental incapacity of a testator, are not to be considered competent to overcome such a prima facie case, because'they lack an intimate daily acquaintance sufficient to pass reliable judgment?
There is no reason suggesting itself to us why a jury trial in a will case is any other than a common-law trial by jury. This we believe is recognized by our supreme court in the language used in Wagner v. Ziegler, 44 Ohio St., 59, at page 67 of the opinion.
At any rate, the statute provides for trial of the issues by a jury, and this means issues of fact, and, when it is a question of fact, the jury, and not the court, must determine it.
“If this was a case for the jury, under the issues pleaded and the evidence offered, then the plaintiff had the constitutional right to a .verdict by the jury.” Nyiry v. Modern Brotherhood of America, 92 Ohio St., 387, 389.
Upon a motion to direct a verdict in these cases, as in any other, the court must review the evidence, concede the truth of every fact tended to be proven by the. evidence, find, when he has found some evidence tending to prove each essential fact, his duty is discharged, and the case must then be submitted to the jury.
*331 The reasoning of Judge Donahue in The Chicago Ornamental Iron Co. v. Rook, Admr., 93 Ohio St., 152, page 155, while not a will case, can be applied to this case with much soundness.
The only difference in the burden of proof resting upon a contestant in a will case and the burden resting upon an affirmative side in other civil case is that in a will case he must furnish evidence sufficient to preponderate not only against the evidence offered for the will, but also to preponderate against the presumption arising from the order of probate and from the will itself. When he has offered evidence tending to meet these requirements, there seems no good reason why he should not be entitled to have his case weighed and considered by the jury.
In the case at bar the trial court left out of consideration the testimony of the two doctors, yet by moving to direct a verdict, the truth of the fact testified to by them was conceded by the defendants; that is, that- the testator had not the testamentary capacity to make a will. This being conceded as true, the paper writing could not be the last will and testament.
It was, then, the province of the jury to weigh this evidence and to determine whether it was of probative value sufficient to overcome the prima facie case and the other evidence in favor of the will. If it had been found sufficient, and the court had then set aside the verdict as against the evidence, it would have been the right of the contestant to resubmit his case upon the same evidence, and, if successful on the second trial, to be held secure against .a second setting aside on the same ground. *332 The court' therefore was in error in directing a verdict.
The record discloses other errors, in themselves not of sufficient importance to reverse, to which attention is called:
First. The court rejected evidence of intemperance because no reference was made to such proof in the trial statement. This was error. A party is not required to state, nor is he limited by what he does state, as to what the evidence will be. Evidence that is competent, material, or relevant, should be admitted whether reference is made thereto in the trial statement or not.
Second. The first hypothetical question was not permitted to be answered, because it was not framed upon the best evidence, as the court said. This is not a correct rule. A hypothetical question is proper and should be permitted to be answered if it is supported by evidence tending to prove the facts therein enumerated. What may be termed the best evidence in a case is not required to be sifted out and embodied in the question.

Judgment reversed.

Kinder and Crow, JJ., concur.