Nichols, C. J.
Jurisdiction of the case at bails conferred on this court by certification thereof by the court of. appeals of Union county, as being-one in which the judgment is in conflict with the judgment pronounced by the court of appeals of Hamilton county in two cases.
The first of these cases is that of Gomien, Exrx., et al. v. Weidemer et al., 27 O. C. A., 177, and the second is Kammann et al. v. Kammann et al., 6 Ohio App., 455.
*101 The question is: Has the trial court, in an action to contest a will, authority to direct a verdict of the jury sustaining the will on the ground that the evidence adduced by the contestants is insufficient to rebut the presumption of validity arising from proceedings in probate ? Or, stated otherwise, Does the scintilla rule of evidence obtain in proceedings to contest a will, as in civil actions generally ?
It is to be observed that while an action to contest a will is often spoken of as a special statutory proceeding, it is after all a civil action, expressly made so by Section 12079, General Code.
By the terms of Section 12082, a trial procedure for such action is provided, differing essentially from the ordinary. “An issue must be made up,” it is said, “either by pleadings or an order on the journal, whether or not the writing produced is the last will or codicil of the testator, which shall be tried by a jury.”
No judgment in such case can be entered either by default or consent of parties. The instrument can neither be sustained nor destroyed except through the verdict of the jury.
In the ordinary civil action parties may submit their contention, by consent, to the judge of the court, a jury being waived.
A jury cannot be waived in an action to contest a will.
It is to be presumed that the general assembly, in thus prescribing this different method for’ the trial of such actions, was moved by considerations of moment; and if the trial judge by directing a *102 verdict in such a case can indirectly thwart the statute, some very conclusive reasons should be advanced in support of such procedure.
The reason assigned by the contestees in the case under consideration, justifying the directed verdict, is that in the trial not only had the contestants failed to show by the greater weight of the evidence that the testator was incompetent to make a will, but that the evidence adduced was not sufficient to overcome the prima facie case made by the order of probate.
The claim is made that under such state of facts the trial judge is not .bound to scan the record to discover if a scintilla of evidence was offered, but may in effect weigh the evidence, and by such process, if he find the presumption of validity still prevailing, may direct a verdict accordingly.
It is conceded in the case at bar that some evidence was offered by the contestants in support of the issue tendered in their petition. It consisted, in part, of the testimony of two physicians, testifying as experts, who, in answer to certain hypothetical questions, stated that the testator, at the time of the execution of the will, was not of sound mind..
Other witnesses were called by the contestants, and testimony was offered to the effect that the testator was quite feeble in body, advanced in years (about 83 years), suffering great bodily pain, collapsed almost immediately after signing the document, and died within five days of its execution, that opiates were administered to relieve pain, that the will was somewhat — indeed, quite — complicated. And it is further claimed that the will itself, *103 being unfair to a portion of the next of kin, was some evidence of incompetency.
There are two Ohio cases on this subject that may be briefly reviewed with profit, Walker et al. v. Walker et al., 14 Ohio St., 157, and Wagner v. Zeigler, 44 Ohio St., 59.
In the first of these cases, the court holds, in the third proposition of the syllabus, that “In a proceeding under the statute to contest the validity of a will, it is error to render final judgment on demurrer to an answer. An issue must be made up, and tried by a jury, under proper instructions by the court.”
The court had held, in the first proposition of the syllabus, that the will in question was absolutely void in law and that the court of probate was without power or jurisdiction to admit it to probate.
This conclusion was reached after consideration of the facts set forth in the petition and answer, none of which were in dispute. Such was the binding force and effect of the statute of procedure established to govern the contest of wills, as it then appeared to the court, that the court was imperatively driven to the necessity of reversing and remanding the cause to the court of common pleas, with directions to submit the same to the jury under proper instructions.
It may be fairly said that this case would establish the doctrine that a will cannot be set aside through contest proceedings except and only by the verdict of a jury. Indeed, the principle of the case would seem to be that even if no evidence *104 were offered by contestants after the proceedings in probate had been put in proof, still the trial judge could not direct a verdict, but must submit it under proper instructions.
In the second of these cases, the court established a more liberal doctrine, holding in the second proposition of the syllabus that “In the trial of a contest of a will, where the testimony introduced does not tend to prove the issue on the part of plaintiffs showing incapacity of the decedent to make a will at the time the will was made, it is not error for the court, at the conclusion of plaintiff’s testimony, to direct the jury to find a verdict sustaining the will."
This proposition, we think, is nothing more nor less than a restatement of the scintilla rule of evidence, in its application to the trial of an action to contest the validity of a will.
Judge Spear, in his opinion in this case, at page 67, says: “In other words the claim is, that whatever the state of the proof: — however completely the plaintiff fails to make the slightest prima facie case — yet the court must, perforce, send the .case to the jury, omitting the usual and ordinary instructions which, in other cases, under like circumstances, would be given.”
The position of counsel, as thus stated by Judge Spear, was much more extreme than that taken by Judge Brinkerhoff in the case of Walker v. Walker, supra, for the opinion of this learned judge was that whatever the state of the proof might be, and even if the contestant utterly failed to make the slightest prima facie case, the case *105 must be submitted to a .jury; yet that it was the duty of the trial judge to accompany the submission with proper instructions as to the law of the case.
It is quite true that this court did not, in Wagner v. Zeigler, supra, adhere in all its strictness to the rule laid down by Judge Brinkerhoff.
What the court did in Wagner v. Zeigler was to hold that the trial judge might do in a will-contest case precisely what he could in the ordinary civil action.
It is perfectly clear that it was not intended by the court to hold that the prima facie validity which attaches to a will by reason of the proceedings in probate should have the effect of removing the will case from the class subject to the scintilla rule.
We thus find three possible rules of procedure:
1. The strict construction of the statute adopted by the court in Walker v. Walker, which denies authority to the trial judge to direct a verdict, no matter what may be the state of the proof.
2. The more liberal rule established in Wagner v. Zeigler, applying to will cases the scintilla rule of evidence.
3. The ultra liberal rule established in Gomien, Exrx., v. Weidemer et al. and Kammann v. Kammann, and by the common pleas court in the case under consideration.
We have determined to follow the second of these rules of procedure, and since it appears that some evidence, although slight, was offered by contestants, tending to prove the material facts neces *106 sary to be proven in such class of cases, the cause should for that reason have been submitted to the jury.
We are of opinion that the court of appeals of Union county was correct in holding that the trial court erred in thus directing a verdict.
We hold that the doctrine of the scintilla rule is just as much to be applied to actions in contest of will as to any other civil action.
We hold that, giving full effect to the prima facie case made in behalf of the will by the order of probate, still, if a scintilla of evidence be offered by the contestants, tending to oppose this prima facie case, and tending to prove the mental incapacity of the testator, the jury must, under proper instruction, determine by its verdict the issues thus made.
The judgment of the court of appeals is affirmed and the cause is remanded to the court of common pleas of Union county to proceed in accordance therewith.

Judgment affirmed, and cause remanded.

Wanamaker, Newman, Matthias and Johnson, JJ., concur.