Jones, J.,
dissenting. In certifying this case it is very apparent that the court of appeals, as has this court, applied the scintilla rule that obtains in ordinary civil actions to a proceeding to contest a will under the statute. Exercising its constitutional authority, this case was certified here by *107 the court of appeals of Union county because it was “in conflict with the decisions of other courts of appeals of the state of Ohio.” Among such conflicting decisions is the case of Gomien, Exrx., et al. v. Weidemer et al., decided by the court of appeals of the fourth appellate district, sitting in Hamilton county, and reported in 27 O. C. A., 177; also the case of Kammann et al. v. Kammann et al., decided by the court of appeals of the first appellate district and reported in 6 Ohio App., 455. It is now decided, by affirmance of the present case, that in a proceeding to contest a will under our statutes, if the plaintiff at the close of his case has offered a scintilla of evidence, the same rule utilized in other civil actions applies, and the issue must be submitted to the jury. I cannot concur in this view.
Section 12083, General Code, provides: “On the trial of such issue, the order of probate shall be prima facie evidence of the due attestation, execution, and validity of the will or codicil.”
This legislative rule of evidence was manifestly adopted for the purpose of requiring substantial proof to overthrow the purpose of the testator and set aside the judgment of a court of competent jurisdiction which had found in favor of the attestation, execution and validity of a will. Scintilla evidence is of lesser degree than prima facie evidence. The former is merely a “tendency to prove.” The latter is actual proof. If the scintilla offered by the plaintiff in the trial of his case is overwhelmed by the balance of his own evidence, it is apparent not only that the scintilla has been *108 demolished but that the prima facie effect of the order of probate has been left intact.
The legal principle has been announced by this court, in a proceeding to contest a will, that when the contestant has rested his case the evidence adduced by him must outweigh both the evidence adduced adverse to him and the presumption of validity arising from the order of the probate court admitting the will to probate. Hall, etc., v. Hall, 78 Ohio St., 415.
The majority opinion holds that when the plaintiffs rested they had offered a scintilla of evidence in support of the issue, and that it was for the jury to determine its weight. With the concession that but a mere scintilla was offered, it became the duty of the court, as a matter of law, to decide that, under the statute named, a scintilla did not counterbalance the prima facie case made by the order of probate. It therefore became the legal duty of the court in that situation to direct a verdict for the defendants.
The question here presented involves the legal question and.not the weight of the evidence, for we are now assuming that plaintiffs have a scintilla only. Should the trial court determine that the scintilla was sufficient to overcome a prima facie case, the court would commit, a legal error. The principle is analogous to that applied in attempts to cancel or reform written instruments, which may be done only by clear and convincing proof. Surely a will executed by a testator, with the added force of an order of probate, under the section quoted, is subject to no less evidential protection than is an *109 ordinary written instrument. Should it, therefore, appear that the trial court in a will-contest case submitted to the jury an issue “upon the supposition that it regarded the law as requiring nothing more” than a scintilla to warrant a finding to set aside the will, a reviewing court, on error, may reverse the judgment based on such finding. (Potter v. Potter, Exrx., 27 Ohio St., 84, and Ford v. Osborne, 45 Ohio St., 1.) These cases are authority for the legal principle that, though this court will not undertake to weigh the evidence, it will examine the record to determine, first, whether there is any evidence tending to support the issue, and, second, whether the rule of proof has been properly applied. “Where the affirmative of the issue in a civil action requires clear and convincing proof to sustain it, and it is claimed that the rule has been disregarded, this court may, where it is all set forth in the bill of exceptions, review the evidence for the purpose of determining if the rule has been disregarded.” Syllabus Ford v. Osborne, supra.