### No. 895

FOLTZ v. BOONE

Ohio Supreme Court

No. 17616. Decided May 15, 1923

To Appear in —— Ohio State Reports

174. EXECUTORS AND ADMINISTRATORS.

Administrators may not charge estate with attorney fees and expenses for defending an action for specific performance of a contract by the decedent to make a will. (For official Syllabus, see below.)

ALLEN, J.

Epitomized Opinion

This is a proceeding by Boone, administrator of the estate of Snyder, for allowance of his account. Exceptions by Foltz to the account were sustained on appeal to Common Pleas of Columbiana county. This judgment was reversed by the Court of Appeals. Snyder died intestate, leaving a nephew as her only heir at law. Prior to her death, Snyder lived with Foltz. Shortly after Boone was appointed administrator Foltz brought suit against him, as administrator, and the nephew, alleging that Snyder had contracted to will Foltz the residue of her estate after the payment of debts and expenses in return for nursing and care of Snyder by Foltz for the rest of Snyder's life. In this action the nephew was represented by counsel and the administrator also employed counsel. The Court of Appeals found in favor of Foltz. Boone then filed an account in the Probate Court asking credit for $1,309 for attorney fees and expenses in the defence of the specific performance action. In sustaining the exceptions to the account and thereby reversing the Court of Appeals and affirming the Common Pleas, the Supreme Court held, in official Syllabus, 22 Abs. 421:

1. "It is the duty of an administrator to preserve the assets of the estate, but it is not his duty to defend an action brought to decide who is entitled to the estate when the only heir at law is represented by counsel in the same case and actively contests the action."

2. "An administrator who defends an action for specific performance of a contract alleged to have been made by his decedent, to will the plaintiff all the residue of plaintiff's estate in consideration of care and service for the rest of her life after payment of all debts and costs in a case in which the only heir at law is represented by counsel and actively contests the action, cannot, if unsuccessful in defending the action, charge the estate with attorney fees and expenses of litigation incurred in the contest."

3. "There is a basic difference between a contract to make a will and a contract which creates a simple debt or ordinary obligation against the estate. Such a contract to make a will as Mary Snyder made, creates a right to the estate; the contract which creates a debt, creates a right to the assets of the estate."

Attorneys—K. L. Cobourn, Salem & DeFord, Huxey & Smith, Youngstown, for Foltz; R. W. Campbell, Salem, and G. T. Farrel, Lisbon, for Boone.