## HENDRICK, ESTATE OF, In re.

**DRAPER, Admr., Etc., Appellant v. GARBER, Admr., Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3488. Decided January 4, 1943.

O. H. Roth, Columbus; Abraham Gertner, Columbus, for appellant.

Addison, Isaly & Addison, Columbus, for appellee.

## OPINION

By GEIGER, P. J.

In the instant case there is an appeal from the order of the Probate Court sustaining an objection to a charge made by the administrator of the decedent's estate of $50.00 paid to O. H. Roth, an attorney, for services performed by him in securing the probate of what was claimed to be a will of the decedent. This alleged will was presented for probate, and its admission was opposed by certain heirs whose interest was to have the estate administered as intestate property.

In this proceeding to probate the will witnesses were called and examined and cross-examined. The proceeding, according to the record, consumed two days of time. The will was admitted to probate and upon the application of the executor the court found that it was necessary for the executor to employ counsel in the proceeding to establish the will, and it was represented that the services of the attorney were reasonably worth $50.00, whereupon the court ordered the executor to pay this sum to the attorney that he had engaged and authorized him to include this sum as an item in his next account. The entry of the court is to the effect that the matter came on to be heard upon the application of the executor for authority to pay the attorney fee, and the court being advised finds that it was necessary that an attorney be engaged and that the executor had employed O. H. Roth to represent him and that the services were reasonably worth $50.00. It was ordered that the executor pay Roth the sum of $50.00 and "authorizes said executor to include the same as an item in his next account". The executor paid Roth this $50.00 and presented a claim in the account that was subsequently filed. The entry made by the court was based upon an application by the executor appointed after the will had been ordered probated.

Thereafter the heirs brought an action in Common Pleas Court to set the will aside and it was then found that the instrument admitted to probate was not the valid last will and testament of the decedent. Thereupon the executor filed his final account. He was

allowed a fee for his services to the estate, his court costs, etc. Included in the account was the item of $50.00 ordered paid to Roth for representing the executor in the probate of the will. Exceptions were taken to the inclusion of the fee for the attorney's services in establishing the will for probate which exception was sustained by the court.

The question presented is to the correctness of the ruling in sustaining the exception to the allowance of the attorney's fees, and may be stated as follows: May an executor of a will duly admitted to probate include in his account items for attorney's fees for establishing the probate of the will, which was subsequently set aside as invalid.

Section 10504-85, found in the chapter on "Wills" provides that the expense of proving and recording wills shall be paid by the party at whose instance this is done. The witnesses and officers shall have like fees for attendance and services in other cases. Upon the executor or administrator being appointed the expense shall be reimbursed out of the estate. The statute is not very plain but we assume that it means that any expense that has been incurred by an executor, even that which goes to the probating of the will, and incurred before his appointment, is to be paid by him and he is to be reimbursed therefor out of the estate.

In the case at bar the court ordered the executor to pay the sum of $50.00 to the attorney and authorized him to charge it in his future account. The services to be performed by the attorney were completed and the fee fixed by the court. We are not of the opinion that the mere fact that some one interested secured the order of the Common Pleas Court setting aside the will as not being the last will of the decedent, deprives the attorney of the compensation ordered to be paid to him after he had successfully accomplished the purpose for which he was employed, to-wit, the probate of a proffered will. The statute, while not directly referring to compensation of attorneys, is sufficient to cover expenses and contemplates their allowance out of the estate even though the will may be afterwards set aside.

Section 10509-22 has for its purpose provisions that the executor named in the will may, during a contest to have said will declared invalid, perform certain functions as executor and pay the costs of such administration. While the statute does not specifically cover a case such as that at bar where an attorney fee is sought to be paid for services rendered in probating a will afterwards declared to be invalid, yet the general implication of such section is that under the conditions incident to the case at bar the executor has certain powers. The section is discussed in **In re Ullman, Executor, 12 O. C. C. (N. S.), 340**, with special reference to page 345. While this decision relates to compensation and expenses of an executor successfully defending a will, which is the reverse of the case at bar, yet the case

gives support to our conclusion that in the event of the probate of a will afterwards declared to be invalid, the executor should be allowed his expenses.

Counsel have expended a great deal of time and care in the consideration of this question, but we feel that while there is some doubt under the varying holdings of the several courts, that there is no injustice done to any one by paying the attorney for the services performed. There is nobody to fix the value of these services except the Probate Court, and the court has discharged this obligation. **Anderson, Exr. v Exrs.,** 7 Oh St 143, and **Foltz v Boone,** 107 Oh St 562, have given us some concern, but we believe they do not require the disallowance of the payment made by order of the court. The cause will be remanded to the Probate Court with instructions that he allow, as a credit, the payment made by the executor for the attorney's services.

BARNES and HORNBECK, JJ., concur.

### ON APPLICATION FOR REHEARING

No. 3488. Decided January 16, 1943.

Abraham Gertner, Columbus, for appellant.
Addison, Isaly & Addison, Columbus, for appellee.

BY THE COURT:
Appellee asks for a rehearing in this cause for reasons set out in his application, chief of which are that this court has reversed a final judgment of the Probate Court made after hearing the evidence as to the rendition of the services and the value thereof and this court did not have before it any bill of exceptions showing the facts; that while the amount involved is of no importance, the principle is of great importance, in that if the decision of the court is allowed to stand grave consequences may follow.

We have given considerable time to the hearing of counsel upon this particular matter, which, as counsel says, "is of no importance" involving as it does only $50.00.

We recognize the fact that our decision in this case may have some influence as to future determinations made on the same question, but we are not responsible for anything that may flow from a decision which we deem to be correct.

We find nothing new stated in appellant's application. Enough appeared in the pleadings to enable the court to determine the matter without a bill of exceptions.

Application for rehearing denied.

GEIGER, P. J., BARNES and HORNBECK, JJ., concur.