Pollock, J.
This case comes into this court on appeal from the court of common pleas of this county, and is submitted to the court on the pleadings and the evidence.
The action w.as begun in the court of common pleas by Levi Ralston, plaintiff, against Elizabeth McBurney and T. C. and Levi Blacklege, defendants, to prevent them from disposing of the real estate described in the petition, alleging that there was an agreement between Elizabeth McBurney and plaintiff, by which, for a valuable consideration, she agreed to convey this property to him by *304 her will; that subsequently Miss McBurney, in pursuance of this agreement, made her will and delivered it to Ralston, devising to him this real estate; that after the making of this will Miss McBurney, by deed of trust, conveyed the land described in the petition to her codefendants, T. C. and Levi Blacklege, and made a second will devising this property to other parties and revoking the prior will; and that Elizabeth Mc-Burney conveyed this property by deed of trust and made a second will for the purposes of fraudulently avoiding her contract and defeating plaintiff’s right to the property under the agreement.
'Before the trial of the action in the court below Elizabeth McBurney died and her codefendants were appointed executors of the second will.
Plaintiff by amended petition then prayed that the property devised to him by the first will be decreed to. him in accordance with the agreement made between him and Miss McBurney.
The answer of the defendants, so far as we are now concerned, is a denial of the material allegations of the petition.
Elizabeth McBurney’s deposition was taken prior to her death and admitted in evidence, and plaintiff Ralston testified at the trial. There is a sharp conflict in the testimony in regard to the agreement for the purchase and conveyance of the property described in the petition. We will not set out or attempt to discuss the testimony, but only the facts relating to the transaction as we have found them' from the testimony.
Elizabeth McBurney was a maiden lady without any near relatives. For some time prior to 1898 *305 Miss McBurney had been taking care of a man and his wife by the name of Patterson. Mr. Patterson died in that year, and by his will he devised property to Elizabeth McBurney to about the amount of $2,500. Near the time of the death of Patterson, Ralston commenced to look after the business affairs of Miss McBurney. Mrs. Patterson was an invalid requiring constant care, and, after the death of Mr. Patterson, Elizabeth McBurney continued to take care of Mrs. Patterson, until about 1899. After the death of Mr. Patterson, Thomas Donaldson had been appointed guardian of Mrs. Patterson, and at the date above referred to trouble arose between the guardian and Miss McBurney about the care of Mrs. Patterson, and the compensation therefor. A settlement was arrived at between the guardian and Miss McBurney, Ralston, the plaintiff, representing Miss McBurney. In that settlement Miss McBurney was paid through Mr. Ralston $100 in money and a note given by the guardian for $443. After this settlement Miss McBurney gave Ralston $500 out of the amount received in that settlement for the services he had then rendered her. Mrs. Patterson died in January, 1899. Soon after that, Mr. Donaldson, representing the heirs of Mrs. Patterson, offered the property described in the petition at public sale. Prior to the sale Elizabeth McBurney and Ralston agreed between themselves to purchase this property jointly, if it could be done for not over $1,600. At this sale it was bid off by Ralston at $1,500.
After this property was bid off by Ralston, and before the deed was made, Ralston and Miss Mc-Burney entered into a further agreement in regard *306 to the property, by which it was agreed that the property should be conveyed by the heirs of Mrs. Patterson to Miss McBurney and that Ralston was to apply the $500 already received from Miss Mc-Burney for services to the payment of. the purchase-money; that Miss McBurney was to furnish $775 and Ralston add $25 to it; that $200 should be borrowed by Ralston, and Ralston was to care for the property during the lifetime of Miss Mc-Burney and attend to any other business that she might desire; and that after paying from the proceeds of the property the $200 borrowed to complete the purchase-money Miss McBurney was to have the entire use of the property during her lifetime and in consideration therefor was to make a will devising this property to Ralston at her death. About the first of April of that year Ralston, with the money thus furnished, paid the purchase-money and caused the property to be conveyed by the heirs of Mrs. Patterson to Elizabeth McBurney. In April, 1901, Miss McBurney made a will devising this property to Ralston in accordance with her agreement. After she had executed this will she handed it back to him with the remark, “It is of more interest to you than to me.” Some time after the making of this will Miss McBurney conveyed the property described in the petition in trust to her codefendants, and also executed a second will revoking the former will and devising the property described in the petition to others than Ralston. Ralston fully performed his agreement in so far as Miss McBurney would permit him to do so.
*307 From these facts Ralston is not entitled to have a judgment decreeing this property to him upon the verbal arrangement which was made between him and Miss McBurney that the title should be placed in her name and that then she should will it back to him. This arrangement was not engrafting a trust upon this property in the hands of Miss Mc-Burney. But it was making a verbal agreement for the conveyance of property to Ralston by the will of Miss McBurney. Such a verbal agreement can not be enforced in this state, although the plaintiff has fully performed his part of the agreement. Howard v. Brower, 37 Ohio St., 402; Crabill v. Marsh, 38 Ohio St., 331, and Shahan, Exr., et al. v. Swan, 48 Ohio St., 25.
It next remains to be determined whether the plaintiff is entitled to the relief asked by reason of Miss McBurney having made and delivered to Ralston a will devising this property to Ralston in pursuance of their verbal contract, which was afterwards revoked by a subsequent will of Miss McBurney.
The provisions of the will, which plaintiff claims carry into effect the contract made, read as follows:
“I give and devise to Levi Ralston of Mechanics-town, Ohio, the thirty-five acres of land, and appurtenances thereunto belonging and known as the William P. McClain land and lying and being in the northeast corner of the southwest quarter of section twenty-nine in Fox township, Carroll county, Ohio, I give this to him absolutely as his own forever in consideration for his kind attention in looking after and taking care of and attending to my business affairs during my life time.”
*308 While the paper writing executed by Miss Mc-Burney as her will, devising the property to Ralston in pursuance of their verbal agreement, cannot be probated as her last will, the question arises whether this provision of the will may be used in equity to specifically enforce the contract between the parties, on the ground that it is written evidence of the agreement, which complies with the statute of frauds.
A verbal contract existed between these parties by which Miss McBurney agreed to devise this land to Ralston; but before a court of equity can enforce this contract proof thereof is required by written memorandum signed by Miss McBurney. The writing is not the contract, but the evidence by which it may be proven.
Williams, J., in the case of Heaton v. Eldridge & Higgins, 56 Ohio St., 87, says at page 101:
“The memorandum, which is merely the evidence of the contract, may be made and signed after the completion of the agreement, and even a letter from the party to be charged, reciting the terms of the agreement, is .sufficient to satisfy the requirements of the statute; but it cannot be said that the letter constitutes the agreement; that was made when the minds of the parties met with respect to its terms, and the letter furnishes the necessary evidence to prove the agreement in an action for its enforcement.”
The paper writing in this case is in form of a will, but it was made for a valuáble consideration, in pursuance of their prior verbal agreement, signed by the party to be charged therewith, and delivered to Ralston.
*309 Our. attention has been called to the case of Bolman v. Overall, Exr., 80 Ala., 451, 60 Am. Rep., 107. The syllabus of this case reads as follows:
“1. A paper in the form of a will, executed in consideration of personal services rendered or to be rendered, or other valuable consideration, and delivered to the devisee or legatee therein named, may constitute an irrevocable contract.
“2. Such a contract is not repugnant to public policy, but may be enforced, after the death of the promisor or testator, by action for a breach against his personal representative, or, in a proper case, by bill in equity against his heirs, devisees, or personal representative.”
The facts as set out in the opinion in this case are very similar to the facts in the case that we are now considering. It seems to be a well-considered case and sustains the principle, that, where a party has entered into a verbal agreement, that in consideration of services rendered or to be rendered he agrees to make his will devising certain property to the other party to the contract, when the verbal arrangement is completed by the making of a will it cannot afterwards be revoked by the testator, but may be enforced as a contract.
In the case of Lowe v. Bryant, Admr., 30 Ga., 528, 76 Am. Dec., 673, where by an ante-nuptial verbal agreement the husband had agreed to after-wards make a will devising to his wife and her children all the property which he might receive from the wife, it was held that this became an executed and enforceable agreement, by the execution, after the marriage, of the will, and the hus *310 band was excluded from afterwards making a different disposition of this property.
The same principle has been announced in the following cases: Anding v. Davis, 38 Miss., 574, 77 Am. Dec., 658; Naylor v. Shelton, 102 Ark., 30, 41, 143 S. W. Rep., 117, 121; Baker v. Syfritt, 147 Ia., 49, 125 N. W. Rep., 998; Carmichael v. Carmichael, 72 Mich., 76, 1 L. R. A., 586; Maddox v. Rowe, 23 Ga., 431, 68 Am. Dec., 535. See also 1 Schouler on Wills (5 ed.), Sec. 452.
A person may for a valuable consideration bind himself by contract to make a particular disposition of his real estate by will. Johnson v. Hubbell, 10 N. J. Eq. (2 Stock.), 332.
If the contract is evidenced as required by the statute of frauds, equity will decree specific performance of the contract against the heirs or devisees of the contracting party.
The supreme court of this state in Emery et al. v. Darling, 50 Ohio St., 160, held that specific performance should be decreed under a contract in writing whereby one sister agreed to give and bequeath to another sister all her real estate and personal property of which she might die seized or possessed, in consideration that her sister should stay with her as long as she might live.
In the case at bar the contract to compensate Ralston by devising the property to him was verbal, but the contract was afterwards carried into effect, so far as the parties could carry such a contract into effect, by Miss McBurney making her will containing a devise as provided for in such verbal contract, and delivering the will to Ralston. This will can not now be probated as a will of Miss McBur *311 ney, for the reason that it is not her last will and testament, but we think it should be enforced as a contract made upon a valuable consideration. This is not enforcing .a verbal agreement for the conveyance of this property, but it is treating this paper writing, purporting to be a will, as a written contractual agreement between these parties. The devise refers to the fact that it is made “in consideration for his [Ralston’s] kind attention in looking after and taking care of and attending to my business affairs throughout my life time.”
Minshall, J., in the opinion in Emery et al. v. Darling, supra, says at page 165:
“But it is of the essence of a will that its dispositions should be in the nature of gifts. Schouler on Wills § 451. When it is made to carry out or perform some obligation, made and entered into by the testator, it is not essentially a will, but in the nature of a contract, and its validity as an instrument will not in such case depend upon its conformity to the requirements of a will, but to those things which the law deems essential to the making of a valid contract.”
The devise in the paper writing executed by Miss McBurney was not made as a gift, but to carry out an obligation previously entered into by her, and it conforms to all the legal requirements necessary to make a valid contract for the conveyance of real estate.
“But in equity a will which is once formally made in conformity to some agreement may be upheld as originally executed on the strength of some valuable consideration therein interposed; the effect of which might possibly be to make the will *312 practically irrevocable, unless some matter of form, some technical arbitrary rule springing out of the statute, or the necessary form or construction of the will should defeat what the parties had mutually intended. There is nothing unlawful in such a compact, nothing contrary to good morals.” 1 Schouler on Wills (5 ed.), Section 454.
It can not be said that enforcing in equity a contract contained in this devise violates the provision of the statute of frauds. It is in writing, executed and witnessed by the party to be charged, and delivered. When one party has fully performed a verbal agreement by which the other agreed to compensate him for the consideration received by executing a will devising property to him and that agreement was carried into effect by the second party making the will and delivering it, its provisions become irrevocable and enforceable against the devisees in a subsequent will or the heirs of the party.
Judgment in favor of the plaintiff decreeing the property described in the- petition to him.

Judgment for plaintiff.

Metcalfe and Farr, JJ., concur.