## FOUKE v. FOUKE et.

Ohio Appeals, 6th Dist., Huron Co.

No. 206. Decided Oct. 15, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**DECEDENTS' ESTATES**

(220 Wh) Probating of will not adversary proceeding. Only issue is whether or not paper propounded is a will. This inquiry can neither be enlarged nor contracted by pleadings. In absence of evidence to the contrary, it must be presumed that if it was necessary to appoint guardian at litem for interested minor, such appointment was made.

B. A. Fouche, Fremont, for plaintiff in error.

David B. Love and A. V. Baumann, Fremont, for defendants in error.

HISTORY:—Action in Common Pleas by Clara G. Fouke against Wesley Fouke et al., to partition real estate. Heard on appeal. Partition ordered and cause remanded. No action in Supreme Court prior to date of this publication.

STATEMENT OF FACTS.

This cause is in this court on appeal from a decree of partition of certain real estate. The plaintiff, Clara G. Fouke, claims title to an undivided one-third of the real estate described in her petition, by virtue of the will of her husband, Louis E. Fouke. The latter was a resident of the State of Michigan at the time of the execution of the will and at the time of his death. The property so claimed by plaintiff came to her deceased husband by will of his mother, Amelia Fouke. The defendant, Hubert Jackson Fouke, was a minor at the time of the decease of his brother Louis, and the defendant Maura Fouke Beal claims that the alleged probate of the will of Louis E. Fouke in the probate court of Ingham County, Michigan, was a nullity and did not vest in plaintiff the title to the real estate so claimed by her. This defendant so contends because she says the laws of Michigan require that in proceedings to probate a will the probate court should appoint guardians ad litem for minors interested in the probate thereof, and that none was appointed for the defendant Hubert Jackson Fouke.

LLOYD, J.

We have been cited to none, and have been able to find no statute in Michigan so requiring; nor has our attention been called to any rule of practice so providing. The probating of a will is not an adversary proceeding. The main issue,—in fact the only issue,—is whether or not the paper propounded is a will. This inquiry can neither be enlarged nor contracted by pleadings.

In re Hathaway's Appeal, 46 Mich., 326. A probate proceeding to establish a will is in the nature of an action in rem.

Allison v. Smith, 16 Mich., 405, 416; Stevens vs. Hope, 52 Mich., 65.

And the Probate courts of Michigan having general and, for the most part, exclusive jurisdiction,

"their orders and decrees are not to be attacked collaterally on any assumption that they may have exercised their jurisdiction without evidence to support the allegations. All presumptions are that their action, when properly invoked, is rightful: . . . and when his action is collaterally assailed, the presumption in support of it must be that he was satisfied in a legal way and by proper proof." Marford vs. Dieffenbacker, 54 Michigan, 593, 605.

The authenticated copy of the proceedings admitting to probate the will of Louis Fouke recites that

"It satisfactorily appears to this Court, that said instrument is duly approved and ought to be allowed as the last Will and Testament of said deceased."

So that, regardless of the fact that the order of probate may not be attacked collaterally, we have no evidence before us to dispute this finding of the court probating the will. In the absence of evidence to the contrary it must be presumed that if it was necessary to appoint a guardian ad litem for the interested minor, that such appointment was made. As said by the court in Allison v. Smith, supra, the proceeding "being one substantially in rem, it would be conclusive against all the world while unrevoked."

Decree of partition is therefore ordered and the cause remanded to the court of common pleas for further proceedings according to law.

(Richards and Williams, JJ., concur.)