IN RE ESTATE OF LESTER.

(No. 968—Decided May 1, 1945.)

Messrs. *Carhart & Carhart,* for appellant.
Mr. *George T. Geran,* for appellee.

GUERNSEY, J.   This is an appeal on questions of law
from an order of the Probate Court of Marion county
sustaining objections of Millie K. Lester, appellee
herein, widow of the decedent, to the probate of the
last will and testament of Guy O. Lester, deceased, and
denying the application of Bertha M. Lester, appel-
lant herein, divorced wife of the decedent, to probate
the will.

The application to probate was filed on August 23,
1943.   Objections to the probate of the will were there-
after filed by Millie K. Lester.

The sole ground of the objections was that the in-
strument purporting to be the last will and testament
of Guy O. Lester was executed on December 4, 1929,
at a time when the decedent was intermarried with
Bertha M. Lester; that on July 2, 1937, Guy O. Lester
and Bertha M. Lester were divorced from each other
in cause No. 24419 in the Court of Common Pleas of
Marion county, Ohio; that in the decree in such action

a complete adjustment of property rights of the parties was ordered and adjudged by the court; that by virtue of such divorce, property settlement and adjustment the condition and circumstances of the decedent were substantially and radically changed from what they were at the time of the execution of the instrument; and that by reason of such changed circumstances resulting from the decree such instrument was, as a matter of law, revoked.

The application to probate the last will and testament and the objections to the probate thereof were by agreement of applicant and objector submitted together and heard by the Probate Court upon the depositions of the attesting witnesses to such last will and testament and upon an agreed statement of facts signed by the attorneys for the applicant for probate and the objector.

The deposition of each of the attesting witnesses, Reed M. Winegardner and Henry R. Brinker, is to the effect that the witness was present at the execution of the instrument now before him, bearing date the 4th day of December, 1929, and purporting to be the will of Guy O. Lester, deceased; that the witness subscribed his name thereto as witness at the request of the testator and in his presence; that he saw Guy O. Lester subscribe his name and heard him acknowledge his signature at the end of the instrument; and that Guy O. Lester, at the time of executing the same, was of full age, of sound mind and memory and not under restraint.

The agreed statement of facts, omitting caption and signatures, is in the following words and figures:

"This matter is now before this court on an objection to the probation of the purported will of Guy O. Lester, deceased, and it is hereby stipulated that the above matter be submitted to the court upon the following agreed statement of facts:

" 'Last will and testament

" 'I, Guy O. Lester, of township of Pleasant, county of Marion and state of Ohio, being of full age and of sound mind and memory, do make, publish and declare this to be my last will and testament, hereby revoking all wills by me heretofore made.

" 'Item I. I direct that all my just debts and funeral expenses be paid out of my estate as soon as practicable after the time of my decease.

" 'Item II. All the property, real and personal, of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, bequeath and devise to my wife, Bertha M. Lester, absolutely and in fee simple.

" 'Item III. I make, nominate and appoint my wife, Bertha M. Lester, to be the executrix of this, my last will and testament, hereby authorizing and empowering my said executrix to compound, compromise, settle and adjust all claims and demands in favor of or against my estate; and to sell, at private or public sale, at such prices and upon such terms of credit or otherwise, as she may deem best, the whole or any part of my real or personal property, and to execute, acknowledge and deliver deeds and other proper instruments of conveyance thereof to the purchaser or purchasers. I request that no bond be required of my said executrix.

" 'In witness whereof, I have hereunto set my hand at Marion, Ohio, this 4th day of December, A. D. 1929.

" 'Guy O. Lester

" 'Signed by the said Guy O. Lester and by him acknowledged to be his last will and testament, before us and in our presence, and by us subscribed as attesting witnesses in his presence and at his request and in the presence of each other this 4th day of December, A. D. 1929.

" 'Reed M. Winegardner residing at Marion, Ohio.

" 'Henry R. Brinker residing at Marion, Ohio.'

"That at that time, namely, December 4th, 1929, Guy O. Lester and Bertha M. Lester, were living together as husband and wife, having been married on July 25th, 1901.

"On July 2nd, 1937, Bertha M. Lester was granted a divorce from the decedent, Guy O. Lester, who was then in full life, a copy of which decree reads as follows:

" 'On May 19th, 1937, this cause came on to be heard upon the petition of the plaintiff, the answer and cross-petition of the defendant, and the evidence, and was submitted to the court;

" 'And upon consideration, the court finds that the plaintiff is a *bona fide* resident of the state of Ohio, and of the county of Marion therein, and has been such continuously, for more than one year, and for more than thirty days, respectively, immediately preceding the filing of the petition; that said defendant has been duly served with process herein, and that both parties are properly before this court; and the court finds that the petition of the plaintiff is not well taken, and the same is accordingly hereby dismissed;

" 'And thereupon, upon motion in open court by the defendant for leave to amend her cross-petition, instanter, by interlineation, by the insertion in the first line of the prayer thereof, after the word "decreed," the words, "a divorce and," such leave was granted and such amendment was at once duly made; and upon motion in open court by the plaintiff, leave was granted him to at once file a reply to such amended cross-petition, which same was immediately done;

" 'And on July 2nd, 1937, this cause came on to be heard upon such amended cross-petition of the defendant, the reply thereto, of the plaintiff, and the evidence, and was again submitted to the court;

" 'And the court finds that the defendant is a *bona fide* resident of the state of Ohio, and of the county of Marion therein, and has been such continuously for more than one year, and for more than thirty days respectively, immediately preceding the filing of her amended cross-petition herein; that said plaintiff was duly served with a summons upon the cross-petition of defendant, and by his reply to the amended cross-petition of defendant, and by his appearance, this day in court, both in person and by counsel, is properly before this court;

" 'And upon the issues joined, the court finds that the allegations contained in said amended cross-petition are true, and that the defendant is entitled to a divorce from the plaintiff upon the ground of gross neglect of duty in his marriage relations with defendant; and that the defendant is also entitled to the other relief as prayed for in her said amended cross-petition.

" 'And it is accordingly hereby adjudged, decreed, and ordered by the court:

" 'That the defendant, Bertha Lester, be and she hereby is granted a divorce from the plaintiff, Guy O. Lester, and the bonds of their said marriage are hereby absolutely severed and dissolved; that the custody and control of the minor son of said parties, Elwin Lester, is hereby given and granted unto the said defendant, with the right of visitation to said child on the part of the plaintiff at all reasonable times; and the said plaintiff is hereby ordered to pay to the defendant, the sum of $20 per month for the support and maintenance of said minor son, until such minor son graduates from high school, but such payments shall not continue past June of the year 1942; the first payment hereunder to be for and in the month of July, 1937, and subsequent payments to be each and every month thereafter until the above specified time;

" 'As permanent alimony for said defendant, it is hereby decreed and ordered by the court, that said plaintiff shall pay to the defendant, beginning July, 1937, for her own support, the sum of $17 per month, such payments to continue so long as said defendant remains unmarried; in the event that defendant remarries, then such monthly payments of $17 shall at once cease; however, such monthly payments of $17 shall be in addition to the monthly payments of $20 as above provided for the support of said minor son;

" 'The Ford V-8 automobile, model 1935, now in possession of the defendant, but belonging to plaintiff, is hereby adjudged and given to the defendant, and said plaintiff is ordered to at once execute and deliver to the defendant a proper bill of sale therefor, and in the event that he fail or refuse to do so, then this decree shall operate to transfer the title of such automobile to the defendant;

" 'All household goods, crops, live stock, implements, and all other personal property now on the 57.08-acre farm, be and the same are hereby given and granted unto the defendant for and during the term of her natural life, or until she shall remarry, she to have the entire control of the same, with the right to occupy and/or lease said premises or any part thereof, as she may see fit, and this decree shall operate as a transfer of such rights and interests to this defendant; and said plaintiff is hereby barred from alienating or further encumbering such undivided one-half interest; however, should defendant remarry, then she shall forfeit all further rights in and to said undivided one-half interest belonging to said plaintiff; Said farm is described as follows:

" ' "Situated in the county of Marion, in the state of Ohio, and in the township of Pleasant and known as being the north part of the east part of the south-east quarter of section 10, township No. 6, south of range

15, east, beginning at the quarter post in the east line of said section; thence south on said east line 32 chains and 25 links to the northeast corner of a 10 acre tract; thence on the north line of said 10 acre tract, west, 13 chains and 5 links, to the northwest corner thereof; thence on a line parallel to the east line of said section, north, 32 chains and 25 links to the center of a certain road on the east and west half section line of said section; thence east on said line, 13 chains and 5 links to the place of beginning, containing 42.08 acres, more or less.

" ' "Also the following situated in said county, state and township and being 5 acres to be taken out of the north-west corner of the west half of the south-west quarter of section No. 11, township No. 6, south, range No. 15, east, said 5 acres to extend 40 rods east and west, and 20 rods north and south;

" ' "Also the following, situated in said county, state and township, and being 10 acres, more or less, out of the south-east corner of section No. 10, township No. 6, south, range No. 15, east, Pleasant township, Marion county, state of Ohio, and bounded and described as follows: Beginning at the south-east corner of said section No. 10; thence on the east line thereof, north, 7 chains and 65 links to a stake; thence west parallel with the south line of said section No. 10, -13 chains and 5 links to a stake; thence south parallel with the east line of said section, 7 chains and 65 links to a post in the south line thereof; thence east on said line, 13 chains and 5 links, to the place of beginning;

" ' "Being the same premises conveyed by Robert H. Niggles and wife to John J. Stiffler, deed recorded in Vol. 154, page 61, Marion county, Ohio, Deed Records."

" 'The court finds that there is a mortgage indebtedness of approximately $2,450 against said farm to the Federal Land Bank of Louisville, Ky., the amortiza-

tion payments thereon being $105 each July 1st, and January 1st. It is hereby adjudged and ordered that plaintiff make these payments as they become due until the entire payment of said indebtedness, and he shall further pay all taxes and assessments against said farm, now levied or to be levied in the future, and shall pay for all insurance now covering the buildings on said premises, and for the future insurance thereon, the coverage on said buildings to be not less than $3,000, all such payments, on mortgage, taxes and assessments and insurance to continue until said mortgage indebtedness is entirely paid, or until the death of defendant, or until she remarry, whichever is soonest; if a loss or losses, covered by insurance, should occur, then the proceeds of such insurance covering such loss or losses, shall be utilized, as far as possible, to restore said premises; and in the event that such premises or any part thereof should be sold upon foreclosure or other legal process due to the default or other action of the plaintiff, then said plaintiff shall pay to defendant the same amount of money, per annum, that he would be required to pay, as above provided, in the liquidation of such payments due on said mortgage indebtedness, said taxes and assessments, and said insurance, plus the sum of $200 per annum, which said sum of $200 per annum is considered to be the reasonable net income from said farm, all such payments to be made until the death of defendant, or until she remarry, and such payments are hereby made a lien upon the interest of said plaintiff in said premises. . . " 'This decree is considered by the parties hereto as a continuing order and the amounts specified herein to be paid by the plaintiff are based upon the ability of plaintiff to earn the sum of $200 or more per month, and in the event that his said-earnings or income fall below the amount of $200 per month, unless such decrease be due to his own deliberate default, then this

decree shall be subject to modification by the court up-
on proper application.

"'It is ordered that each party pay the costs in-
curred, respectively, by each, in this action.

"'Approved:

"'Mouser & Mouser for plaintiff. Hector S. Young,

"'Geo. T. Geran for defendant.                    Judge.
                                                 7/2/37.'

"On July 31st, 1937, Guy O. Lester married the
woman who is now his surviving spouse, Millie K. Les-
ter, and who is the objector in this matter.

"It is agreed that up to the time of his death, said
Guy O. Lester had fully complied with all of the pro-
visions of said divorce decree, and that Bertha M. Les-
ter never remarried.

"Guy O. Lester died on the 6th day of July, 1943,
and said Millie K. Lester, on July 24th, 1943, was duly
appointed and qualified as the administratrix of this
estate, by the action of this court, and she is now act-
ing as such.

"On August 23rd, 1943, the former wife of the de-
ceased, Bertha M. Lester, presented for probation, the
above mentioned written instrument as the last will
and testament of the deceased, Guy O. Lester."

The applicant for probate of the will, Bertha M. Les-
ter, assigns error in the following particulars:

(1) The finding and decision of the Probate Court
of Marion county, Ohio, is contrary to law.

(2) The finding and decision of the Probate Court is
contrary to the evidence.

(3) The judgment, finding and decree of the Probate
Court is contrary to the agreed statement of facts.

(4) The judgment, finding and decree of the Probate
Court is contrary to Section 10504-22, General Code,
which provides that the Probate Court shall admit a
will to probate when it appears that such will was duly
attested and executed according to the law in force at

the time of the death of the testator, in the state of Ohio, if the testator at the time of executing the will was of full age, of sound mind and memory and not under restraint.

(5) The Probate Court erred in finding and holding that the last will and testament of Guy O. Lester was revoked by virtue of the decree of the Common Pleas Court of Marion county, Ohio, in an action for divorce and alimony, wherein the Common Pleas Court granted to Bertha M. Lester, the appellant herein, a divorce and alimony, for the reason that the agreed statement of facts and journal entry definitely show that there was no settlement between the parties as to their property rights, and the Probate Court erred in finding that there was a settlement, which is contrary to the evidence, contrary to the law, and contrary to the agreed statement of facts.

(6) Other errors apparent on the face of the record.

The assignments of error all relate to and are predicated upon the same subject matter so that they will be considered together.

In the consideration of such assigned errors it is necessary to first determine the nature of a proceeding to probate a will and the jurisdiction of the Probate Court over the subject matter of the proceeding.

A proceeding to admit a will to probate is not, speaking generally, a civil action, but a judicial inquiry to ascertain whether the instrument before the court is the last will and testament of the decedent. 41 Ohio Jurisprudence, 391, Section 202.

It is to all intents and purposes a proceeding *ex parte* in nature, substantially *in rem*. Persons interested in resisting the probate of the will are not allowed to introduce evidence to contest its validity. 41 Ohio Jurisprudence, 393, Section 203.

On the probate of a will the main issue, in fact the

only issue, is whether the paper propounded is a will. The inquiry can be neither enlarged nor contracted by the pleadings. The jurisdiction of the Probate Court is limited to the probate of the will and to an inquiry as to whether the provisions of law have been complied with in the execution of the will, and the condition of mind and capacity of the testator to make a disposition of his property, as revealed by the testimony of the witnesses to the will. 41 Ohio Jurisprudence, 394, Section 205.

No testimony can be given against the will and when the proponent makes a *prima facie* case in favor of the probate it is the duty of the Probate Court to grant the application for probate. *State, ex rel. Young,* v. *Morrow, Judge,* 131 Ohio St., 266, 274, 275, 2 N. E. (2d), 595; *In re Will of Hathaway,* 4 Ohio St., 383; *Missionary Society of M. E. Church* v. *Ely,* 56 Ohio St., 405, 409, 47 N. E., 537; *McWilliams* v. *Central Trust Co.,* 51 Ohio App., 246, 200 N. E., 532; *In re Will of Fisher,* 67 Ohio App., 6, 35 N. E. (2d), 784; Sections 10504-18 and 10504-22, General Code.

Section 10504-18, General Code, above mentioned, prescribes:

"The court shall cause the witnesses to the will, and such other witnesses as any person interested in having it admitted to probate desire, to come before the court. On request of such interested person, the court shall compel the attendance of any witness by subpoena as in civil cases. Such witnesses shall be examined, and may be cross-examined, in open court, and their testimony reduced to writing and filed."

Section 10504-22, General Code (114 Ohio Laws, 349), above mentioned, prescribed:

"If it appears that such will was duly attested and executed, and that the testator, at the time of executing it was of full age, of sound mind and memory, and

not under restraint, the court shall admit the will to probate."

Prior to the adoption of the Constitution of 1851 and also prior to the adoption of "an act relating to wills, and to repeal former acts relating thereto" (50 Ohio Laws, 297), passed May 3, 1852, effective June 1, 1852, an "act relating to wills" (38 Ohio Laws, 120), passed March 23, 1840, effective October 1, 1840, and as amended March 12, 1844 (42 Ohio Laws, 73), March 8, 1845 (43 Ohio Laws, 66), February 28, 1846 (44 Ohio Laws, 79), February 22, 1848 (46 Ohio Laws, 66), March 20, 1849 (47 Ohio Laws, 32), and March 17, 1851 (49 Ohio Laws, 99), was in effect.

This act conferred jurisdiction on the Common Pleas Court in probate matters.

Section 13 of the act prescribed:

"The said court shall cause the witnesses to such will, and such other witnesses as any person interested may desire, to come before such court; and said witnesses shall be examined in open court, and their testimony reduced to writing and filed: *Provided,* That in all cases where any witnesses, other than the subscribing witnesses to the will, are introduced, the court may order their testimony to be taken and reduced to writing, by a master commissioner of the court, which testimony shall be filed with said will."

Section 16 of the act prescribed:

"If it shall appear that such will was duly attested and executed, and that the testator, at the time of executing the same, was of full age, and of sound mind and memory, and not under any restraint, the court shall admit the will to probate."

These provisions were of such character that the proceeding to probate a will pursuant to such act was not an adversary proceeding over which the court exercised general jurisdiction, but a special *ex parte* pro-

ceeding over which the court exercised such jurisdiction as was expressly prescribed by law.

None of the amendments to the act related either to the jurisdiction of the Common Pleas Court in probate matters, or in any way affected the provisions of sections 13 and 16 of the original act.

Following the adoption of the Constitution of 1851, the "act relating to wills," passed March 23, 1840, as amended, was repealed by the "act relating to wills, and to repeal former acts relating thereto," above mentioned.

This act, pursuant to the provision contained in the Constitution of 1851, conferring jurisdiction on the Probate Court in probate matters, provided, among other things, that the Probate Court should have jurisdiction of the probate of wills and of other matters designated in the Constitution, and prescribed the procedure in connection therewith.

Section 12 of the act prescribed:

"The said court shall cause the witnesses to such will, and such other witnesses as any person interested in having the same admitted to probate, may desire, to come before such court; and said witnesses shall be examined in open court, and their testimony reduced to writing, and filed."

Section 15 of the act prescribed:

"If it shall appear that such will was duly attested and executed, and that the testator, at the time of executing the same, was of full age, and of sound mind and memory, and not under any restraint, the court shall admit the will to probate."

It will be noted that these provisions recognized and continued in effect the special and limited nature of a proceeding to probate a will, as it existed at the time of the adoption of the Constitution of 1851.

It will also be noted that the provisions of section 13 of the act of 1840 and the provisions of section 12 of

the act of 1852 are almost identical with the provisions of Section 10504-18, General Code, now in effect, except that section 13 of the act of 1840 did not contain the phrase, "in having it admitted to probate," after the words, "person interested," and that Section 10504-18, General Code, contains provisions as to the subpoenaing and cross-examination of witnesses.

It will also be noted that the provisions of section 16 of the act of 1840 and section 15 of the act of 1852 are practically identical with each other and with the provisions of Section 10504-22, General Code (114 Ohio Laws, 349), as in effect at the time of the filing of the application to probate.

Although Section 8 of Article IV of the Constitution of 1851, now in effect, prescribes that the Probate Court shall have jurisdiction in probate and testamentary matters, and the jurisdiction conferred by such section is apparently plenary, such section must be interpreted in the light of the rules of law applicable to the character of proceedings to probate wills, prevailing before its adoption, and when so interpreted the jurisdiction conferred by such section is within the limits hereinbefore set forth.

Consequently the Probate Court is without jurisdiction to consider or determine whether a will has been revoked by operation of law or otherwise, as it attempted to do in this case. Such question may be considered and determined only by the Common Pleas Court upon petition to contest a will upon that ground.

This being the case it is improper for this court to consider or determine whether upon the facts set forth in the agreed statement of facts the will was revoked as a matter of law.

As the testimony of the subscribing witnesses to the will established conformity with all the requirements of Section 10504-22, General Code, it was the duty of the Probate Court, under the rules of law here-

inbefore mentioned, to render judgment admitting the will to probate.

For the reasons mentioned, the judgment of the Probate Court is contrary to law and for that reason will be reversed, at the cost of the appellee, and this court rendering the judgment the Probate Court should have rendered grants the application to admit the will to probate, without prejudice to the right of the appellee to contest the same by appropriate action in the Common Pleas Court. It is further ordered that this cause be remanded to the Probate Court for execution.

*Judgment reversed.*

MIDDLETON, P. J., and JACKSON, J., concur.