PIASECKI, DECEASED, ESTATE OF, IN RE.

Probate Court, Cuyahoga County.

No. 657068.   Decided October 30, 1964.

*Mr. Henry S. Zwolinski,* for Clementine Darmour.
*Messrs. Woodle & Wachtel,* for Henry Piasecki.

ANDREWS, CHIEF REFEREE. Joseph Piasecki died on or about April 11, 1964. He left four children surviving him—a son, Henry, and three daughters, Clementine Darmour, Sabin Ulmicher, and Frieda Daley.

On May 20, 1964, a joint will, executed on December 7, 1946, by Helen Piasecki and Joseph Piasecki, was admitted to probate, as the last will of Joseph; and Henry Piasecki, the son, filed an application for letters testamentary. He was named as executor in the joint will. On the same day, the Probate Court appointed him executor, subject to giving bond.

On May 22, 1964, Clementine Darmour made application for probate of a later will, executed by Joseph on May 29, 1959. The three daughters signed a waiver of notice and consent to the probate, but Henry Piasecki did not sign, and he opposes probate of this later will. After a hearing before Judge Frank J. Merrick, the matter was referred to me on October 6, 1964.

In order to understand Henry's objection to the probate of the later will, it is first necessary to note that Helen Piasecki died on February 20, 1958, and that the joint will was admitted to probate on April 18, 1958, as her last will and testament.

The objection to the probate of the later will as the last will of Joseph Piasecki is made by counsel for Henry Piasecki in a letter dated October 2, 1964, to Judge Merrick. I quote from it.

"We have opposed the admission of this new will to probate for the reason that as a matter of law it is not the valid last will and testament of the decedent. In support of our opposition, we have contended that a joint will is a contract in writ-

ing between two testators, that if one of the testators dies and the will is admitted to probate for that one, the consideration for that contract has been fulfilled and thereafter the surviving testator cannot, in violation of that written contract, undertake to make a new will.

"We contend that where a joint will is executed, a new will can be executed by either of the testators only if that is done prior to the death of either of them and prior to the admission of the will for probate on behalf of either of the testators."

Further factual background must be given in order to comprehend the exact nature of the issues raised by counsel.

The joint will, dated December 7, 1946, starts, "I, Joseph Piasecki and divorced wife Helen Piasecki * * *," and contains the following items:

Item 1. "I direct that all our just debts and funeral expenses be paid out of our estate as soon as practicable after our decease."

Item 2. "I give devise to be bequeth to the Joseph Piasecki devorced husband, and in case of his death the property located at 1789 Randall Rd. Cleveland, Ohio., and all personal property left of the estate I give to my divorced wife Helen Piasecki,"

Item 3. "In case of each one of us death we diarect that our beloved son will receive one thousand dollars /$1.000.00/, besides the equal share with other children."

The next item is not numbered, but obviously is meant to be Item 4.

"We nominate and appoint Our son Henry Piasecki Executor of this, my Last Will and Testament"

The will is signed by Joseph and Helen Piasecki.

As already mentioned, Helen Piasecki died on February 20, 1958, and the joint will was admitted to probate as her last will on April 18, 1958. Henry Piasecki declined appointment as executor, and on April 18, 1958, William H. Gillie was appointed administrator with the will annexed.

On July 17, 1959, the administrator with the will annexed filed a petition to construe the joint will. The petition alleged that a dispute had arisen among the heirs and that a claim by Henry Piasecki in the amount of $4,277.06, was under attack and its validity denied. It was also alleged that an action on this

claim was pending in the Municipal Court of Cleveland.

The petition to construe continued as follows:

"A further question arises on the jointure of testators and the conditions under which the Administrator may pay the legacy of One Thousand Dollars ($1,000.00) to Henry Piasecki, for the reason that it is conditioned upon the death of both testators."

In an answer and cross-petition filed in the action to construe, Joseph Piasecki claimed that under the joint will, he was the sole devisee and legatee and entitled to all of decedent's property. He claimed further that it was Helen's and his intention that the payment of $1,000.00 to Henry should be conditional upon the death of both Helen and himself. and that Henry was not entitled to the payment of $1,000.00 out of Helen's estate.

Henry Piasecki filed an answer in the above action, stating that there was some doubt about the validity of the joint will, but that if the court held it to be valid, there was no doubt or ambiguity about Henry's right to the bequest of $1,000.00 without condition. Counsel for Henry also filed a brief, the gist of which was that the joint will was void as against public policy and by reason of ambiguity and uncertainty. The argument against the validity of the will was based on the contention that the will was not revocable by either of the parties who made it, thus contravening the policy of Ohio law.

It was stipulated that the personal estate was insufficient to pay the costs of administration and claims against the estate, and that land sale proceedings had been instituted. It was further stipulated that the real property referred to in the joint will was a single structure at 1789 and 1791 Randall Road, Cleveland, Ohio, and that Helen and Joseph each owned an undivided one-half interest in the property.

On September 8, 1960, the Court rendered a memorandum opinion, and on March 14, 1961, a journal entry was approved and signed by the Court. The Court found that by Item 2 of the will, it was intended that all Helen's property, both real and personal, pass absolutely and in fee simple to Joseph. The Court further found that the payment of the bequest of $1,000.00 to Henry Piasecki, set forth in Item 3. was conditional upon the death of both Helen and Joseph in a common accident or with-

in thirty days of one another; and that inasmuch as the condition had not occurred, the bequest failed.

On February 23, 1961, Henry Piasccki, in consideration of $1,750.00, released all claims against the estate of Helen Piasecki, and all claims against his father and three sisters in connection with the estate. He also relinquished all claims arising out of the will "of said decedent" and agreed to dismiss with prejudice the action in the Cleveland Muncipal Court. He further agreed to approve the Probate Court's journal entry in the will construction suit, and he waived all right of appeal from that judgment. The release was filed on April 28, 1961.

This completes the essential parts of the story in connection with the estate of Helen Piasecki.

With respect to the "later will" of Joseph Piasecki, which is the subject of the dispute, Item II gives all his property, whether real, personal, or mixed, to his daughter, Clementine Darmour, and appoints her executrix.

Item III reads:

"I have taken into account all of my other children in making this my Last Will and Testament and for considered reasons of my own it is my express will and intention that they shall not share in my estate or in any manner be entitled to any part thereof."

The will contains a clause revoking and annulling all prior wills.

We come, then, to a consideration of the question whether this later will should be admitted to probate. As already observed, counsel for Henry Piasecki contends that it is not the valid last will and testament of the decedent. Yet no claim is made that the will was not properly executed and attested, or that there was a lack of evidence that the testator was of full age, sound mind and memory, and not under restraint, when he made the will. Rather, counsel contends that the making of the later will (cutting out Henry) constituted a breach of contract, by reason of which the second will "is not the valid last will and testament of the decedent."

Assuming for the moment, but not deciding, that a will disposing of property in violation of a contract is invalid, may the question of an alleged invalidity of this nature be raised in connection with an application to admit the will to probate?

Section 2107.18, Revised Code, reads as follows:

"The probate court shall admit a will to probate if it appears that such a will was attested and executed according to the law in force at the time of execution in the state where executed, or according to the law in force in this state at the time of death * * *, and if it appears that the testator at the time of executing such will was of full age, of sound mind and memory, and not under restraint."

Even a casual perusal of this statute indicates that the only proper subjects of inquiry are the execution and attestation of the will, plus the question whether the testator was of full age, of sound mind and memory, and not under restraint. Those matters "appearing," the court "shall" admit the will to probate.

Section 2107.14, Revised Code, throws further light on the nature of the proceeding. I quote.

"The probate court shall cause the witnesses to a will, and other witnesses *whom a person interested in having such will admitted to probate may desire to have appear* to come before the court. * * * Such witnesses shall be examined, and may be cross-examined, in open court * * *." (Emphasis mine.)

From this section we see that even on the issues specified in Section 2107.18, Revised Code, a person objecting to the admission of the will to probate is not permitted to call witnesses.

The scope of inquiry in an application to admit a will to probate is well stated in 55 Ohio Jurisprudence (2d), Wills, Section 227. It is there said:

"On the probate of a will, the only issue is whether the paper propounded is a will. The scope of this inquiry can be neither enlarged nor contracted by the pleadings.

"The jurisdiction of the court is limited to the probate of the will and to an inquiry whether, prima facie, the forms of law have been complied with in the execution of the will and the testator was of sufficient mind and capacity to make a testamentary disposition, as these matters are revealed by the testimony of the witnesses.

"No issue is presented for a contest of the will between its proponents and opponents in a hearing on an application to admit a will to probate. Thus, the court cannot determine

whether a will has been revoked by implication, and the decision, on conflicting evidence, of questions of competency or undue influence is not within the jurisdiction of the court. Such questions may be determined only by the Court of Common Pleas in an action to contest the will.

"The court does not, in a probate proceeding, examine the contents of the will for the purpose of construing its provisions, or to distinguish between valid and invalid dispositions."

Although Section 2107.18, Revised Code, seems perfectly clear, it is always comforting to find some case law on the point. It is impracticable to refer to all the Ohio cases, and I will select only a few. The leading case, which is still the law, is *In re Will of Hathaway*, 4 Ohio St., 383 (1854). The applicable statutes were the same in substance as the present ones. The syllabus reads:

"On the proceeding authorized for admitting a will to probate, persons interested to resist the probate of the will, are not allowed to introduce evidence to contest its validity."

At pages 385 and 386, the court stated:

"An application to admit a will to probate is not an adversary proceeding. * * * This is not the proceeding in which those who deny the validity of a will, are authorized to contest it. * * * The form and solemnity of the proceeding to admit a will to probate, is required to show its due execution, and admit it to become a matter of public record. The evidence required must show a *prima facie* case in favor of its validity, and that evidence is required to be reduced to writing, and made a part of the record. It would be preposterous to place upon the record of the probate of a will, evidence introduced to impeach its validity."

In *Missionary Society of M. E. Church* v. *Ely*, 56 Ohio St., 405, 47 N. E., 537 (1897), it is said at page 407 of the Ohio State report:

"* * * the proper proof being made that the will was duly attested and executed, and that the testator, at the time of executing the same, was of sound mind and memory, of full age, and not under any restraint, the right exists in the proponent that the court shall admit the will to probate."

And in *State, ex rel. Young*, v. *Morrow*, 131 Ohio St., 266, 274, 2 N. E. (2d), 595 (1936), the court remarks:

"What jurisdiction is vested in Probate Courts in the probating of wills? It is well pointed out that it is only necessary for the proponent to make a *prima facie* case in favor of probate and that no testimony can be given against the will."

The case of *In re Will of Elvin*, 146 Ohio St., 448, 66 N. E. (2d), 629 (1946), summed up the governing principles in the syllabus.

"Under Sections 10504-18, General Code (now Section 2107.14, Revised Code), and 10504-22, General Code (now Section 2107.18, Revised Code), the following principles govern the hearing on an application to admit a will to probate: (a) No issue is presented for a contest of the will between its proponents and opponents; (b) opponents of the will may cross-examine witnesses fully upon the dueness of attestation and execution, the mental capacity of the testator and undue influence, but are not allowed to call witnesses against the admission of the will to probate; (c) a *prima facie* case in favor of the validity of the will is all that is required, and when all the evidence shows as a matter of law that such a *prima facie* case is made out, the court must admit the will to probate, even though the evidence is conflicting."

See also *In re Estate of Lyons*, 166 Ohio St., 207, 2 Ohio Opinions (2d), 26, 141 N. E. (2d), 151 (1957).

In *Kammann* v. *Kammann*, 6 Ohio App., 455, 26 Ohio Cir. Ct. (N. S.), 60, 29 Ohio Cir. Dec., 349 (1916) (appeal dismissed, 96 Ohio St., 600), the court said, at page 456 of Ohio Appellate:

"The laws of Ohio provide for the probate of a will in the probate court. The proceedings there are *ex parte*. (Citation omitted.) The only testimony heard there is that of the witnesses to the will, and of such other witnesses as may be desired by any person interested in having the will admitted to probate. (Citation omitted.) No provision is made for hearing evidence at the instance of a person opposed to the probate of the will."

*In re Estate of Lester*, 76 Ohio App., 263, 31 Ohio Opinions, 579, 64 N. E. (2d), 71 (1945), gives a good presentation of the problem. Paragraph 1 of the syllabus states:

"In a proceeding to probate a will in which the wife of testator is named the beneficiary, the Probate Court is without jurisdiction to determine that the will was revoked by the

divorce of the testator from such wife and the incident adjustment of the property rights of the parties."

At page 272 of Ohio Appellate, the court states the matter in the following language:

"On the probate of a will the main issue, in fact the only issue, is whether the paper propounded is a will. * * * The jurisdiction of the Probate Court is limited to the probate of the will and to an inquiry as to whether the provisions of law have been complied with in the execution of the will, and the condition of mind and capacity of the testator to make a disposition of his property, as revealed by the testimony of the witnesses to the will."

And at page 273 the opinion continues:

"No testimony can be given against the will and when the proponent makes a *prima facie* case in favor of the probate it is the duty of the Probate Court to grant the application for probate."

See also *Fouke* v. *Fouke*, 32 Ohio App., 226, 167 N. E., 698 (1928); *McWilliams* v. *Central Trust Co.*, 51 Ohio App., 246, 5 Ohio Opinions, 104, 200 N. E., 532 (1935); *In re Will of Fisher*, 67 Ohio App., 6, 35 N. E. (2d), 784 (1941).

*In re Oskamp's Will*, 7 Ohio N. P., 665, 5 Ohio Dec. (N. P.), 584 (Prob. Ct., undated), gives an interesting application of the general principles. Those opposing the application to probate on the ground of undue influence contended that the court should take notice of the "process of evolution" appearing in the will and its several codicils, as indicating undue influence. The so-called process of evolution apparently showed that the testator had reduced the executors from three to one, and had made the trust created by the will more favorable to the remaining executor. The court refused to consider this matter, holding that the jurisdiction of the Probate Court is limited "to the inquiry as to whether the forms of law had been complied with in the execution of the will, and the condition of mind and the capacity of the testatrix to make a disposition of her property as revealed by the testimony of the witnesses to the will."

In the case of *In re Crowe*, 17 Ohio Opinions, 8, 12, 31 Ohio Law Abs., 35, 40 (Prob. Ct., 1940), the court uses the following strong language;

"If the will be properly executed and proved, it must be admitted to probate although it contain not a single provision capable of execution or valid under the law. This is the universal doctrine, both in this country and in England."

See also, *In re Will of Blymeyer*, 7 Ohio N. P., 591 (Prob. Ct., undated); *Mitchell* v. *Long*, 9 Ohio N. P. (N. S.), 113, 20 Ohio Dec., 38 (Com. Pl., 1909), affirmed by Circuit Court without report, in May 1909; *In re Schrader*, 20 Ohio N. P. (N. S.), 433 (Prob. Ct., 1918); *In re Halterman*, 27 Ohio Opinion, 521, 12 Ohio Supp., 150 (Prob. Ct., 1943).

From the foregoing, it is apparent that if the applicant for probate of a will makes a prima facie case on the validity of the execution and attestation, and on the capacity and freedom from restraint of the testator, the will must be admitted to probate. This is not the arena for a full-fledged battle between adversaries.

Let us consider exactly what counsel for Henry Piasecki would have this Court do in the simple statutory proceeding for admission to probate.

Counsel contends that the joint will is a contract, which prevents the survivor from making a new will after the death of the first testator; and that any such later will is invalid and therefore not entitled to probate. But this runs counter to Section 2107.18, Revised Code, which as interpreted by the courts, may be fairly paraphrased as follows:

It doesn't matter how invalid the will may be in content. If the requirements of this section are met, the will must be admitted to probate, and the alleged invalidity must be fought out in another proceeding.

Here are some of the matters that would have to be determined pursuant to counsel's contention.

1. Did the joint will of December 7, 1946, constitute of itself a contractual obligation to devise or bequeath property in a certain way? This would, of course, necessitate the introduction of the joint will in evidence, and an interpretation of it.

2. If the joint will did constitute a contract, of which Henry Piasecki was a beneficiary to the tune of $1,000.00, may Henry, as a third-party beneficiary, enforce the contract?

3. Since the Probate Court in its journal entry of March 14, 1961, decided that Henry was not entitled to any property

under the joint will, and Henry was an adversary party to that proceeding, is he not estopped, under the doctrine of res judicata, from now claiming under the joint will?

4. In the release executed on February 23, 1961, Henry agreed to approve the journal entry. How can he now take the position that he is entitled to the bequest made to him in the joint will,—a bequest which, in his release, he agreed was conditioned upon the death of his parents in a common accident or disaster, or within thirty days of each other?

5. Assuming that there was a valid contract obligating Joseph to leave Henry $1,000.00, would this nullify the second will, which omits Henry as a beneficiary? Is it not more accurate to say that the later will would be valid, but that Henry would have a remedy for breach of contract?

It is incontrovertible that the issues raised by counsel, attacking the validity of the will on grounds not included in Section 2107.18, Revised Code, are not within the scope of a proceeding to admit the will to probate, and I so hold.

The provisions of Section 2107.22, Revised Code, relating to the probate of a later dated will, after an earlier will has already been probated, do not in any manner alter the scope of inquiry in the proceeding for probate.

My decision that the point raised by counsel for Henry Piasecki has no place in the proceeding to probate a will disposes of the matter before me. Yet I feel that it is not improper to go one step beyond the necessities of the matter by considering, albeit rather briefly, the substantive principles of counsel's contention.

As already noted, counsel contends that the joint will is a contract in writing between the two testators, and that although either has a right to make a new will while both are alive, the death of one prohibits the survivor from making a new will in violation of the contract. For the purpose of this opinion, but without deciding the question, I will assume that the joint will is a valid contract between the two testators, and that Henry Piasecki is a third-party beneficiary thereof. I will also assume that Joseph Piasecki's later will, which revokes all prior wills, involves a breach of the contract.

Is the later will invalid merely because it is violative of the contract? The answer is clearly "no." The theory is that

revocability is an essential element of a will, and that, although a testator may have contracted not to revoke a will, he still has the *power* to revoke it and to make a new will. If his action in making a new will and revoking the old, constitutes a breach of contract, the injured party has his remedies at law or in equity, but the new will is not rendered invalid thereby as a will.

I will give only a few references on the subject, for, as already observed, this matter goes beyond the necessities of the issue before me, which concerns only the admission of the later will to probate.

From 1 Bowe-Parker, Page on Wills, Sec. 10.3 (1960):

"As has already been said, revocability is an essential element of a will; and it is said that an irrevocable instrument cannot be a will whatever else it may be. Accordingly, it is held by the great weight of authority, that a will which is made in performance of a contract to make a will is, as far as probate tribunals are concerned, as revocable as any other will.

"So a joint, mutual, or reciprocal will, which is made in performance of a contract to make a will, is revocable. Even though the will contains a covenant not to revoke or a declaration that it is irrevocable, it may be revoked like any other will."

The authors then mention the remedies for breach of the contract. Then:

"The contract cannot be used to prevent admission to probate of a will which has been made in violation of the provisions of the contract.

"Language is occasionally used which seems to say that a will which is made in performance of a contract to make a will is irrevocable. It is said that a joint or mutual will may be revoked by either party while both are living, upon giving notice to the other, but when one of the parties dies before the other has given notice, the will becomes irrevocable. Language of this sort is often used very loosely. While the courts talk about the will as irrevocable they probably mean that the contract to make a will is enforceable if the contract is not performed."

From 2 Bowe-Parker, Page on Wills, Sec. 21.113 (1960):

"It is suggested that the proper analysis would be to say

that a will made pursuant to a contract not to revoke may be revoked by any of the orthodox methods of revocation, but the promisee or third party beneficiary of the contract can sue on the contract and get legal or equitable relief as against the estate as a result of the contract breach.''

From Atkinson on Wills, Sec. 48, page 217 (2d ed., 1953):

''Likewise, when the promisor makes a will in accordance with his contract and later revokes it, by the prevailing view the contract cannot be used to defeat the probate of a subsequent inconsistent will.''

See also, Atkinson on Wills, Sec. 84 (2d ed., 1953); 97 Corpus Juris Secundum, Wills, Sec. 1366, pages 295 and 298, and Sec. 1367, page 311; 55 Ohio Jurisprudence (2d), Wills, Secs. 3, 173, 178, 179. Some of the Ohio cases throwing light on the problem are *Foltz* v. *Boone*, 107 Ohio St., 562, 140 N. E., 761 (1923); *Ralston* v. *McBurney*, 6 Ohio App., 303, 27 Ohio C. A., 310, 39 Ohio Cir. Ct., 158 (1917); *Albery* v. *Sessions*, 2 Ohio N. P., 237, 3 Ohio Dec. (N. P.), 330 (Com. Pl., 1895); *Minor* v. *Minor*, 2 Ohio N. P. (N. S.), 439 (Com. Pl., 1904); *In re Estate of Knisely*, 27 Ohio Opinions, 216, 39 Ohio Law Abs., 393 (Prob. Ct., 1943); *Passoni* v. *Breehl*, 29 Ohio Opinions, 220, 41 Ohio Law Abs., 315 (Prob. Ct., 1944).

In one or two of these Ohio cases, the loose language referred to in the quotation *supra* from 1 Bowe-Parker, Page on Wills, Sec. 10.3, is present, but a careful reading of the opinion discloses that the court means that the *contract* is irrevocable, not the will made pursuant to it.

There is another reason, and a very simple one, why the later will cannot possibly be invalid. Again, let us assume, without deciding, that the joint will constitutes a contract and that the bequest to Henry is unconditional. What is the bequest to Henry? By Item 3 of the joint will, it is $1,000.00 ''besides the equal share with other children.'' There being four children, the most that Henry could get would be $1,000.00, plus a fourth of the residue. That would leave Joseph free of any contractual obligation to Henry insofar as the balance of his property is concerned. And no one else is claiming any breach of contract. Patently, the mere fact that *some* of the bequests in a will contravene a contractual obligation cannot invalidate the whole will.

The contentions of counsel for Henry Piasecki are untenable, and I recommend that the later will of Joseph Piasecki, dated May 29, 1959, be admitted to probate under the provisions of Sections 2107.22 and 2107.18, Revised Code.