GEORGEKOPOULOS, APPELLEE, *v.*
VASILOPOULOS, EXECUTOR, ET AL.,
APPELLANTS.

(No. 11865 — Decided
December 21, 1984.)

*Christopher T. Cherpas,* for appellee.

*Richard J. Wendelken* and *J. Rix Seibert,* for appellants.

GEORGE, P.J.  On April 9, 1981, George G. Kaziakos executed both an agreement to make a will and a will, leaving his entire estate to Persefoni Georgekopoulos, appellee in this case. As consideration, Georgekopoulos agreed to take care of Kaziakos, who was then approximately eighty-five years of age. On June 19, 1981, Kaziakos executed another will, naming eight other heirs and excluding Georgekopoulos. Kaziakos died on August 23, 1981. The April 9th will was filed for probate four days later. A copy of the June 19th will was subsequently submitted to probate court and, after a hearing, that will was probated on April 20, 1982, as a "lost" will. On May 24, 1982, Georgekopoulos filed a claim against that will which was rejected by the executor. Georgekopoulos did not contest the "lost" will, but filed suit in common pleas court on the basis of the agreement to make a will. A jury found for Georgekopoulos and judgment was entered ordering that the net estate be distributed to her upon completion of administration. It is from this judgment that defendant heirs and executor appeal. This court affirms the judgment.

Defendants raise three assignments of error:

"1.  Plaintiff did not present her claim pursuant to O.R.C. 2117.06.

"2.  Court erred in failing to admit into evidence defendant's [*sic*] exhibits 7, 8 & 9.

"3.  Verdict is against the weight of evidence."

R.C. 2117.06 provides that claims against an estate must be presented to the executor within three months of the appointment of the executor or administrator. Defendant argues that this means Georgekopoulos had to file her claim within three months of the appointment of the executor of the first will probated. But such an interpretation of the code would deny claimants like Georgekopoulos their right to consideration of claims against the estate when a second will is probated later.

The first will here was filed August 27, 1981. Under it, Georgekopoulos stood to inherit all of Kaziakos' estate. There was no reason to file a complaint

on the contract. The law does not require the performance of a vain act. *Gerhold* v. *Papathanasion* (1936), 130 Ohio St. 342 [4 O.O. 425]. The second will was filed in probate court on April 20, 1982 — more than three months after the first. R.C. 2107.22 provides that if the court admits a will of later date to probate, "its order shall operate as a revocation of the order admitting the will of earlier date to probate * * *." Thus, the appointment of the new executor initiated a new time-frame within which claims had to be filed against the second will. Georgekopoulos' claim was timely filed. The first assignment of error is overruled.

The three documents which defendants argue in their second assignment of error should have been admitted into evidence are defendants' Exhibit 7 — the probate court judgment entry admitting the "lost" will to probate, Exhibit 8 — the report of the referee with findings of fact relative to the "lost" will, and Exhibit 9 — a complaint for concealing assets filed against Georgekopoulos November 12, 1982, in probate court.

Defendants argue those documents were relevant to the issue of Georgekopoulos' credibility and refer this court to Evid. R. 404, 405, 608 and 609, without any explanation of how those rules apply here. Although it is not entirely clear, defendants apparently are also arguing that the trial court erred in entering judgment for Georgekopoulos because the probate court judgment entry was *res judicata* as to distribution of the estate.

In admitting a will to probate, however, the probate court does not rule on the validity of the contents of the will. It merely establishes that the will was validly executed. *In re Estate of Piasecki* (1964), 95 Ohio Law Abs. 257 [30 O.O.2d 169]. If a testator's action in making a new will and revoking an older will constitutes a breach of contract, the injured party must seek his remedies in a separate action. But the new will is not rendered invalid thereby as a will. *Piasecki, supra.* That is exactly the situation here. Georgekopoulos' claim is based upon a breach of contract. She is not contesting the validity of the "lost" will. The issue of breach of contract was not adjudicated by the probate court. Hence, *res judicata* is not applicable here.

As to admissibility of the three documents for impeachment of Georgekopoulos' credibility and for her reputation for truthfulness, this court can find no error in the trial court's refusal to admit any of them. Defendants have failed to demonstrate how any of these documents come within the rules for impeachment of a witness. Assignment of error two is overruled.

Defendants' third assignment of error is that the verdict was against the manifest weight of the evidence. Defendants cite a number of instances in which evidence was contradictory, but it is well-established that it is within the jury's province to decide which witness to believe or disbelieve where there is a conflict in testimony. *Schwartz* v. *Wells* (1982), 5 Ohio App. 3d 1. The verdict of the jury was supported by credible evidence and will not be reversed as being against the manifest weight of the evidence. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. The third assignment of error is overruled.

The judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.