## KNISELY, ESTATE OF, In Re.

Probate Court, Tuscarawas County.

Decided July 8, 1943.

Bowers, Stafford & Bowers, New Philadelphia, for exceptor.
J. E. Patrick, New Philadelphia, for executor.

# 394

## OPINION

By LAMNECK, J.

Jennie R. Knisely died testate on the 17th day of September, 1941, and thereafter Paul C. Knisely was appointed executor of her estate. On the 6th day of May, 1943 said Paul C. Knisely filed his final account in this court and asked to be discharged. Prior to the approval of the final account, Herbert P. Knisely, one of the next of kin of said Jennie R. Knisely, filed exceptions to said account alleging substantially that said Paul C. Knisely had not properly administered said estate in the following particulars, to-wit:

(1) That said Paul C. Knisely had not accounted for all of the assets of said estate.

(2) That he was entitled to all of the assets remaining after the payment of debts by virtue of a contract which he had entered into with the said Jennie R. Knisely during her lifetime.

Under the will of Perry C. Knisely, deceased, who was the husband of said Jennie R. Knisely and the father of the executor herein, Paul C. Knisely, the exceptor, Herbert P. Knisely, and Walter R. Knisely and Clyde J. Knisely, said Paul C. Knisely, Walter R. Knisely and Clyde J. Knisely received certain land, and by reason of the acceptance of said devises they obligated themselves to pay an annuity to Jennie R. Knisely during her lifetime of $240.00 per year each.

One of the principal claims of the exceptor is that Paul C. Knisely and Walter R. Knisely did not account for all of the balance due on said annuities. In the executor's final account he charged himself with owing $295.28 on said annuity at the time of his mother's death and Walter R. Knisely was charged with owing $579.30 at the time of her death. The exceptor failed to substantiate any part of his allegation in this regard. In fact both Paul C. Knisely and Walter R. Knisely produced receipts signed by Jennie R. Knisely showing payment in full on said annuities with the exception of the amounts shown due in the final account.

The evidence produced in this case also shows that during the lifetime of said Jennie R. Knisely she assigned a note of approximately $2500.00, secured by mortgage on a Franklin county property, against Clyde J. Knisely to the executor and said Walter R. Knisely. After paying expenses of foreclosing, the said Paul C. Knisely and Walter R. Knisely received approximately $1200.00 on this note and mortgage all of which occurred prior to the death of said Jennie R. Knisely. Paul C. Knisely and Walter R. Knisely both testified that this note and mortgage was a gift to them by the decedent. The exceptor was unable to produce any evidence to the contrary at the time of trial.

The court therefore finds that said executor listed all of the assets owned by the decedent at the time of her death in his final account.

In the last will and testament of Jennie R. Knisely which was executed on January 8, 1938 and admitted to probate on November 19, 1941, she willed to each of her four children all of the respective indebtedness owed by each to her at the time of her death. This indebtedness was listed in the final account as follows:

Paul C. Knisely, balance on annuity, $295.28;
Walter R. Knisely, balance on annuity, 579.30;
Walter R. Knisely, balance due on note, 801.25.

The only other assets owned by the decedent were some chattels which were sold by the executor for $176.60, plus $18.30 in money. After deducting the expenses of last illness, funeral expenses and costs of administration, there was a net estate of $1212.71 which the exceptor claims under a written contract which he alleges was executed on December 12, 1925 by the decedent, Jennie R. Knisely, and himself. The exceptor was unable to produce the original signed contract, alleging that he mislaid it and that it became lost. He submitted a copy in evidence which he alleged was witnessed by Eli N. Fair, an attorney at law, and Clyde J. Knisely. Clyde J. Knisely testified that he witnessed the original document and that the copy produced in court and submitted in evidence was an exact copy of the original which was reconstructed from his notes. Mr. Fair testified that he took an acknowledgment of Jennie R. Knisely at her home about the time in question, but was unable to identify the instrument as the one which he acknowledged. On the copy produced in court the acknowledgment was shown to have been taken by Mr. Fair.

The exceptor herein, Herbert P. Knisely, was disinherited under the will of his father, Perry C. Knisely, which was admitted to probate in this court on March 24, 1924, with the exception of the provision made for him in item 6 of said will which reads as follows:

"I hereby cancel all claims held by me against my son Herbert P. Knisely, this devise to him to be in lieu of any claim he might have against my estate."

While there are a number of premises, conditions and stipulations in this alleged contract which are intended to be recitals of a consideration, the claims of the exceptor as and for a consideration are as follows:

(1) That Jennie R. Knisely desired to equalize and rectify the alleged unfair distribution made by Perry C. Knisely in his will.

(2) That said Perry C. Knisely is alleged to have instructed his wife, Jennie R. Knisely, verbally a few weeks before his death to sell certain real estate, and give the proceeds at an appropriate time to said Herbert P. Knisely.

Following a recital of the stipulations, the alleged contract reads as follows:

"In consideration of the foregoing premises, conditions and considerations, it is hereby mutually agreed by and between Jennie R. Knisely and Herbert P. Knisely, that at the time of the decease of the said Jennie R. Knisely any and all monies and property of every kind and description now belonging to said Jennie R. Knisely, and any and all monies and property acquired by her in the future, including the annuities of seven hundred twenty dollars ($720.00) due and payable to her from the estate of Perry C. Knisely by Clyde J. Knisely, Walter R. Knisely and Paul C. Knisely, and not expended by her for her personal comfort and convenience prior to her decease or required to pay hospital expenses, doctors fees, funeral and other expenses, shall upon her decease become the sole property of Herbert P. Knisely, excepting however, any household goods and jewelry in her possession at the time of her decease.

"Jennie R. Knisely hereby agrees, with Herbert P. Knisely not to waive, assign or cancel any payments of the aforesaid annuities of seven hundred Twenty Dollars ($720.00) due or which may hereafter become due and payable to the said Jennie R. Knisely during her lifetime under the provisions of the Will of said Perry C. Knisely, and Jennie R. Knisely further agrees not to cancel the liens for such charge again the real estate willed to Clyde J. Knisely, Walter R. Knisely and Paul C. Knisely by said Perry C. Knisely.

"In order to guarantee the fulfillment of the terms, conditions and considerations of this agreement, Jennie R. Knisely hereby agrees with Herbert P. Knisely, to make her Last Will and Testament, attached hereto, a part of this Agreement, and said Will and Testament is by reference hereby made a part of this Agreement.

"This Agreement signed and executed this 12th day of December, A. D., 1925.

Witnesses:

Clyde J. Knisely                    Jennie R. Knisely
Eli N. Fair                         Herbert P. Knisely

The State of Ohio, ss.
Tuscarawas County

"Be it remembered, that on the 12th day of December, 1925, before me, the subscriber, a Notary Public in and for said County, personally came the above named Jennie R. Knisely and Herbert P. Knisely, parties to the foregoing contract and acknowledged the signing of the same to be their voluntary act and deed.

Eli N. Fair
Notary Public in and for
Tuscarawas County, Ohio.

"IRREVOCABLE WILL AND TESTAMENT
OF
JENNIE R. KNISELY

"Witnesseth, Know all men by these Presents, I, Jennie R. Knisely, being of full age and of sound and disposing mind and memory, and not being under any restraint, do hereby make, publish and de-

clare this to be my Last Will and Testament and irrevocable for any cause whatsoever.

"I direct all my just debts and funeral expenses be paid out of my estate as soon as practicable after my decease.

"All the rest, residue and remainder of my estate I hereby give, devise and bequeath to my son, Herbert P. Knisely to be his absolutely forever.

"I hereby direct my executor to collect all annuities and legacies that may be due me at the time of my decease from Clyde J. Knisely, Walter R. Knisely and Paul C. Knisely, as provided in the Will of Perry C. Knisely, or from the holders or successors of their respective properties.

"I make and nominate my son, Herbert P. Knisely to be my executor of this my last Will and Testament, and I request that no bond be required of my executor.

"This Will and Testament by reference is hereby made a part of the foregoing Contract, and by reason of the conditions existing and considerations involved is hereby made irrevocable for any cause whatsoever.

"In Witness Whereof, I have hereunto set my hand and seal at New Philadelphia, Ohio, this 12th day of December, A. D., 1925.

Witnesses:
Clyde J. Knisely
Eli N. Fair                                   Jennie R. Knisely."

A careful perusal of this instrument convinces the court that this was not an executed contract but was intended as an executory contract, or an instrument testamentary, because its effect was postponed until after the death of Jennie R. Knisely. There was no present interest passing to said Herbert P. Knisely which he could alienate.

Unless this instrument could be construed to be a will subject to revocation by a later valid will, or a contract to make a will, it is doubtful if the instrument is valid in law. A person cannot provide for the division which shall be made of his property after his death by making an executory contract with his children instead of executing a proper will. (See, **41 O. Jur., page 267,** quoting **Needles v Needles, 7 Oh St 432.**)

Judge Bartley who wrote the opinion in the Needles case, supra, made this comment on page 445:

"A man can not provide for the division which shall be made of his property after his death, by executory contracts with his children, instead of last will and testament. And to allow an intestate to control the course of descent and distribution by mere executory contracts with his children, during his life, would be to allow him to set aside the laws of the state. The property of a deceased person must pass by devise or descent. And the operation of the laws of the land in this respect can not be defeated by any kind of executory contracts, made for the purpose of controlling or affecting the

distribution of a man's property after his death."

An executory contract, or a contract to make a will must have a "valuable" consideration to sustain it. A "good" consideration such as that of blood or of natural love and affection is not sufficient. (See, 9 O. Jur., page 288, and 41 O. Jur., page 269.)

A valuable consideration in the sense of the law may consist either of some right, interest, profit or benefit accruing to the other party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other. (9 O. Jur., page 297.)

Under this alleged contract the exceptor, Herbert P. Knisely, gave up no right, interest, profit or benefit which he legally possessed. The promisor, Jennie R. Knisely, received no benefit under the alleged contract and Herbert P. Knisely suffered no detriment.

While there may have been a moral obligation or duty on the part of Jennie R. Knisely to make some provision for the exceptor herein, it is fundamental that a mere moral obligation or conscientious duty arising wholly from ethical motives unconnected with any legal obligation, or with the receipt of benefit by the promisor of a material or pecuniary nature, will not furnish a consideration for an executory promise. (9 O. Jur., page 303.)

It is also elementary that a promise to make a gift is not binding upon the promisor. (9 O. Jur., page 289.)

Assuming that this alleged contract was a contract to make a will which was supported by a "valuable" consideration, did the exceptor pursue a proper remedy in this case by filing exceptions to the account? We think not.

Several remedies are available for a breach of a contract to make a will depending upon the circumstances, viz., specific performance, an action for damages, or if services were the consideration for the contract, then a suit on quantum meruit. It would be duty of a court of equity to entertain a suit for specific performance. A claim for damges or a suit for services on quantum meruit would have to be filed with the fiduciary within four months after the appointment. The exceptor filed no such claim in this case.

Due to the foregoing view of the court, it is unnecessary for the court to pass upon the question whether the execution of the alleged contract was proven by a preponderance of the evidence. The fact that only one witness other than the exceptor, who testified without objection, specifically testified to its execution; that the original contract could not be found, and that the copy submitted was reconstructed from notes in the possession of Clyde J. Knisely; and the further fact that Jennie R. Knisely made a last will and testament on January 8, 1938 in violation of the alleged terms of the contract, throws considerable doubt upon the matter.

It will therefore be ordered that the exceptions be overruled.

Exceptions noted.