## Hamilton v. Long
*[Cite as 4 AOA 107]*

*Case No. 1601*
*Ross County, (4th)*
*Decided June 1, 1990*

*G. Gary Tyack, 7100 North High Street, Suite 209, Worthington, Ohio 43085, for Appellant:*

*Rebecca J. Quance, 344 Jefferson Street, Greenfield, Ohio 45123, for Appellees.*

GREY, J.

This is an appeal by the defendant, Pamela Long (Pam), from a decision in which the Ross County Common Pleas Court granted judgment in favor of the plaintiffs, Carol Hamilton and Kathy Harvey.

The record reveals the following facts. Carol Hamilton and Kathy Harvey were employed by the Greenfield Family Health Center. During their lunch hour on March 1, 1988, they purchased "Cash Explosion" lottery tickets. One of the tickets was an "entry" ticket which, if drawn, would make them eligible to appear on the "Cash Explosion Show." Neither Carol nor Kathy wanted to appear on television. Their co-worker, Pam Long, who had not purchased the ticket, said that she would appear on the show.

According to Carol and Kathy, Pam agreed to equally share any winnings when she took the ticket. However, Pam testified that Carol told her she could have the ticket and then stated that she would have to share some with them. Pam allegedly replied that if she went on television and made an "ass" out of herself she was not going to share too much with anyone.

Pam signed the ticket. Carol took the ticket to the lottery agent to be validated and included in the drawing. The ticket bearing Pam's name was drawn entitling her to appear on a subsequent "Cash Explosion" show. Pam appeared on the show, won a 1988 Honda Accord but she opted to receive cash. Pam refused to equally share her winnings with Carol and Kathy. Carol and Kathy filed the present action in the Ross County Common Pleas Court.

The court found that an enforceable oral contract existed between the parties and entered judgment for Carol and Kathy in the amount of one-third each of $14,237. Pamela Long has filed a timely notice of appeal to this court.

### FIRST ASSIGNMENT OF ERROR

The judgment of the trial court was against the manifest weight of the evidence and violate public policy.

Judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279; and *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77.

Kim Hopton testified that she was working at Greenfield Medical Center on March 1, 1988. Kim testified as follows:

"***Pam Long walked in and she said that she would go on t.v. Carol Hamilton said fine but whatever you win we'll split a third, a third and a third. Cathy (sic) reiterated that. She said that whatever they won they would split three ways. Pam said, 'okay'."

Susan Zurface testified that she came into work at the Greenfield Medical Center at 1:00 p.m. on March 1, 1988. Susan testified as follows:

"***Pam came in and said that she would be more than happy to go on television for them. Carol Hamilton said that if she were to do so the winnings would be split one-third, one-third, one-third at which point Cathy (sic) turned around and reiterated what she had said and Pam said okay and took the ticket."

We find sufficient competent and credible evidence to support a finding that an enforceable oral contract existed between the parties. Carol and Kathy offered Pam their ticket under the condition that they equally share the winnings. Pam accepted that offer. Pam's promise to equally share in the winnings was sufficient consideration for Carol and Kathy's promise to give her their ticket.

Appellant's first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

The trial court erred in finding that appellees were entitled to one-third each of appellant's winnings when there was no evidence presented to the court in appellees' case in chief on damages suffered by appellees.

Appellant argues that there was no evidence of the value of the car. However, during cross-examination, Pam was asked the amount of her winnings before taxes. Pam replied that she believed "the total amount was fourteen thousand two hundred and thirty some dollars." The court entered judgment for Carol and Kathy in the amount of one-third each of $14,237.

We find sufficient competent and credible evidence to support a finding that Pam won a total prize of approximately $14,237. See, *C.E. Morris* v. *Foley Construction Co., supra.* Appellant's second assignment of error is overruled. The decision of the common pleas court is affirmed.

*Judgment affirmed.*

ABELE, P.J., concurs in judgment and opinion.
HARSHA, J., concurs with attached concurring opinion.

HARSHA, J., concurring.

I concur with the principal opinion's judgment and opinion concerning the first assignment of error. However, I concur in judgment only regarding the second assignment of error wherein appellant contends that appellees failed to present evidence in their case in chief on damages. I agree.

At the close of appellees' case, appellant made a motion for a "directed verdict". That motion is inappropriate in a bench trial and should be treated as a motion for an involuntary dismissal under Civ. R. 41(B). *National City Bank v. Fleming* (1981), 2 Ohio App. 3d 50. Regardless of what it is called by counsel, it must be specific enough in identifying the alleged grounds of dismissal in order to allow opposing counsel to effectively respond, both by argument and/or by motion to reopen. Likewise, the trial court is unable to effectively rule on such a motion if it is not specific as to its basis. The trial court need not speculate as to the nature of deficiencies in a plaintiff's case.

A review of the record indicates that counsel for appellant made the motion at page 73 of the transcript. It is included here in its entirety:

"At this time, Your Honor, we would move the Court for a directive (sic) verdict that submit (sic) to the Court that there is (sic) certainly strong policy reasons why there should not be an oral agreement if that's what's being alleged under circumstances such as this. Further, that under the circumstances that are presented here that there really is not a basis for any sort of binding contract of the nature alleged in the complaint and we would ask the Court to review the evidence and make a directive (sic) verdict at this point in time."

The stated bases for appellant's motion are public policy and the lack of a binding contract. There is no mention of a failure of proof on the issue of damages. Accordingly, it was not error for the trial court to deny the motion as the issue was not properly raised.

Additionally, the record indicates that the option was not renewed at the close of all the evidence. While I find Justice Brown's concurring opinion in *Helmick v. Republic-Franklin Ins. Co.* (1988), 39 Ohio St. 3d 71 to be more persuasive, the *Helmick* syllabus, by analogy,[1] requires renewal of the motion at the conclusion of all the evidence to preclude waiver where a defendant proceeds to present evidence. Accordingly, I concur in the judgment overruling the second assignment of error.

--------

[1] In my opinion, the rationale relating to directed verdicts is equally applicable to motions for dismissal.