OPINION
{¶ 1} This matter has been submitted to this court on the record and briefs of the parties. Appellant, Joann E. Varee, appeals from the judgment entry of the Ashtabula Court of Common Pleas. That court granted a motion for judgment on the pleadings filed by Sandra Rigo Holzinger, appellee. On review, we affirm the judgment entry of the trial court.
 {¶ 2} Varee is the sister of Holzinger. Their aunt, Delores M. Ring, passed away in 2005, naming Holzinger as the sole beneficiary under her will. Varee filed a *Page 2 
complaint in the trial court alleging a breach of contract claim and a fraud claim. The operative facts of the breach of contract claim were that: (1) prior to the deaths of Aunt Delores and her late husband, Holzinger was told by them that she was to be the sole beneficiary of the estate of the survivor of Aunt Delores and her late husband; (2) Holzinger was directed by them to divide the inheritance among her and three other nieces; (2) Holzinger made express and/or implied representations that she would make the division of assets according to Aunt Delores' and her late husband's wishes; and (3) Holzinger breached the contract to divide her inheritance according to Aunt Delores' and her late husband's wishes.
 {¶ 3} Varee's second cause of action alleged fraud on the part of Holzinger and did contain an allegation that Holzinger made misrepresentations that were relied on by Varee to her detriment, but the fraud cause of action was dismissed by Varee prior to the ruling of the trial court.
 {¶ 4} In her answer and amended answer, Holzinger denied that she entered into such a contract. She also filed a counterclaim and amended counterclaim against Varee and, in her fiduciary capacity, filed a third-party complaint for abuse of process against Varee. Varee filed a response to the counterclaim, the amended counterclaim, and the third-party complaint.
 {¶ 5} Holzinger filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Varee filed a response to that motion and Holzinger then filed a reply brief.
 {¶ 6} The trial court granted Holzinger's motion for judgment on the pleadings. The trial court's ruling centered solely upon the claim sounding in contract, because the fraud claim had been dismissed. By judgment entry dated September 18, 2006, the trial *Page 3 
court dismissed Varee's complaint. It also determined that there was no just reason for delay.
 {¶ 7} Varee then timely appealed to this court, raising the following single assignment of error:
 {¶ 8} "The trial court abused its discretion by granting defendant-appellee Sandra Rigo Holzinger's motion for judgment on the pleadings and dismissing plaintiff-appellant Joann E. Varee's complaint."
 {¶ 9} "Because Civ.R. 12(C) motions test the legal basis for the claims asserted in a complaint, our standard of review is de novo.[1]
In ruling on a Civ.R. 12(C) motion, a court is permitted to consider both the complaint and the answer.[2] In so doing, the court must construe the material allegations in the complaint, with all reasonable inferences drawn therefrom, as true and in favor of the non-moving party.[3] A court granting the motion must find that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief.[4]"[5]
 {¶ 10} In the case of Peterson v. Teodosio, the Supreme Court of Ohio held that a motion for judgment on the pleadings pursuant to Civ.R. 12(C) allows the trial court to consider only the allegations in the pleadings, and not matters outside the pleadings.[6] As stated by that court:
 {¶ 11} "Since the judgment below was entered upon the pleadings, pursuant to Civ.R. 12(C), appellee herein was entitled to have all the material allegations in the *Page 4 
complaint, with all reasonable inferences to be drawn therefrom, construed in her favor as true. 2A Moore's Federal Practice 2342, Paragraph 12.15; 5 Federal Practice and Procedure, Wright and Miller, Section 1368. Civ.R. 12(C) is a continuation of the former statutory practice and presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings."[7]
 {¶ 12} In the complaint filed in the trial court, Varee sought to frame the existence of a contract in the following allegations:
 {¶ 13} "8. On several occasions after being notified by [Aunt Delores Ring] and Mr. Ring of their designation of [Holzinger] as sole beneficiary and their direction to [Holzinger] to divide the inheritance, [Holzinger] made direct statements and implicitly indicated to [Varee] and others, and tacitly led [Varee] to believe based on conversations involving [Holzinger] that [Holzinger] was trusted by [Aunt Delores] and Mr. Ring to divide the inheritance and that she would in fact do so after their deaths.
 {¶ 14} "9. [Holzinger] promised [Varee] to divide the inheritance assets with [Varee]."
 {¶ 15} Thus, accepting Varee's allegations in her complaint as true, Holzinger is alleged to have told Varee that she would divide the Ring assets after their deaths and that Varee was to be one of the beneficiaries of that division.
 {¶ 16} In this court, Varee concedes that there was no consideration for the alleged contract and that the statute of frauds would invalidate such a contract, even if it did exist. Instead, Varee argues that a constructive trust should have been imposed by the trial court and that a constructive trust does not require the existence of a contract, but is an equitable remedy available to the trial court where justice so requires. Varee *Page 5 
further argues that there was a confidential relationship between her and Holzinger, that Holzinger abused the confidential relationship by not distributing the assets as promised, and that the trial court abused its discretion in ruling that there was no set of facts to prove a constructive trust.
 {¶ 17} In the trial court, Varee was emphasizing the contractual nature of her claim and, in this court, she is emphasizing the constructive trust claim. The trial court's judgment entry considered both the contract claim and the constructive trust claim, and, therefore, we shall address both claims as they relate to the correctness of the trial court's ruling that Varee can prove no set of facts to prove either her contract claim or her constructive trust claim.
 {¶ 18} While the civil rules merely prescribe that the complaint need only contain "a short and plain statement of the claim,"[8] this court has approved of the First Appellate District's formulation of the material facts that necessarily must be pleaded in one's complaint:
 {¶ 19} "'"[T]he complaint * * * need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory * * * or contain allegationsfrom which an inference may be drawn that evidence on these materialpoints will be introduced at trial."'"[9] *Page 6 
 {¶ 20} Therefore, with respect to Varee's contract claim, if we assume there is a set of facts whereby Varee could prove at trial that Aunt Delores and her husband made statements to Holzinger that Holzinger was to be the sole beneficiary of the estate of the survivor of them; that Holzinger was told by them that she should divide the assets among herself and her three sisters; that Holzinger told Varee that she intended to make such division of assets among the sisters, there still is lacking a "material point," to wit, consideration, to support a contract claim.
 {¶ 21} "The elements of a contract include the following: an offer, an acceptance, contractual capacity, consideration (the bargained-for legal benefit or detriment), a manifestation of mutual assent, and legality of object and of consideration.'"[10]
 {¶ 22} "Generally, the consideration necessary to support a contract may consist of either a benefit to the promisor or a detriment to the promisee."[11] "[T]he benefit to the promisor or detriment to the promisee must be bargained for."[12] "Gratuitous promises are not enforceable as contracts, because there is no consideration.[13] Thus, a promise to make a gift is not binding on the promisor.[14]"[15] *Page 7 
 {¶ 23} An example of a bargained-for consideration was found in the case of Hamilton v. Long, where three people had agreed to split the winnings from a television game show.[16] Two of the persons had offered a third person their ticket to go on the game show on the condition that they split the winnings three ways. The court in that case held that the promise of the person appearing on the show to share equally in the winnings was sufficient consideration for the others to give their ticket to her to appear on the show.[17]
 {¶ 24} In this case, there is no indication in the pleadings on the "material point" of consideration. Not only is there no detrimental reliance that can be implied or inferred from any of the allegations of the complaint, there is also lacking the bargained-for element. There is only the statement that Holzinger promised to make the division of the inheritance, but "[a]ll promises are not contracts,"[18] and "a promise to make a gift is not binding on the promisor."[19] We conclude that the allegations of the complaint are not sufficient to state a contract claim, because the "material point" of consideration is lacking.
 {¶ 25} With respect to the issue of the statute of frauds, Varee concedes, and Holzinger argues, that the statute of frauds would prevent enforcement of the agreement because it was not in writing. However, such is not the law in Ohio. *Page 8 
 {¶ 26} R.C. 1335.05 provides, in pertinent part, as follows:
 {¶ 27} "No action shall be brought whereby to charge the defendant * * * upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
 {¶ 28} "[T]o be governed by the statute of frauds, a contract does not need to be completed within one year. It only needs to have a potential of being completed within one year. * * * [W]here the time of payment under the agreement is indefinite or dependent upon a contingency which may happen within one year, the agreement does not fall within the 'not to be performed within one year' provision of R.C. 1335.05."[20]
 {¶ 29} The pleadings do not indicate whether Holzinger's promise to divide the inheritance from Aunt Delores and distribute a one-fourth share to Varee was to be fulfilled within one year. However, construing the pleadings in Varee's favor, we conclude that the contract, if any, could have been performed within one year and, therefore, the statute of frauds would not be a bar to its enforcement. Nevertheless, from what has been said above, we can find no consideration for the promise and, therefore, no contract existed that could have been enforced.
 {¶ 30} In this court, Varee argues that, apart from the fact that a contract does not exist, the trial court should have imposed a constructive trust upon Varee's share of the inheritance because of the confidential relationship between her and Holzinger. *Page 9 
 {¶ 31} This court's decision in the case of Woofter v. Woofter states the requirements for the imposition of a constructive trust:
 {¶ 32} "'"A constructive trust is a 'trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice.'"'"[21]
 {¶ 33} Varee argues that Holzinger abused their confidential relationship, by virtue of which the trial court should have imposed a constructive trust. She further argues that the constructive trust claim obviates the necessary of a written contract and does not implicate the statute of frauds.
 {¶ 34} Even though the existence of a confidential relationship was not pled by Varee, based upon her response to Holzinger's motion for judgment on the pleadings, the trial court did consider the merits of her argument that a constructive trust should be imposed, but declined to impose a constructive trust because, in the words of the trial court: *Page 10 
 {¶ 35} "The mere fact that [Holzinger] did not do what she agreed to do, or that [Varee] did not get something she expected to get, will not [trigger the imposition of a constructive trust]. There must be some further allegation, that if true, would trigger the equitable power of the Court to impose a contractual obligation on the parties."
 {¶ 36} We agree with the trial court that Varee's complaint, including all inferences that can be drawn therefrom, does not allege a confidential relationship and does not allege that Holzinger did anything wrong that would justify the imposition of a constructive trust. We, therefore, conclude that Varee's assignment of error is without merit.
 {¶ 37} The judgment entry of the trial court is affirmed.
DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur.
[1] State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 570.
[2] Id. at 569.
[3] Whaley v. Franklin Cty. Bd. of Commrs. (2001), 92 Ohio St.3d 574,581.
[4] State ex rel. Midwest Pride IV, Inc. v. Pontious,75 Ohio St.3d at 570.
[5] Vasquez v. Windham, 11th Dist. No. 2005-P-0068, 2006-Ohio-6342, at ¶ 8.
[6] Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 166.
[7] Id. at 165-166.
[8] Civ.R. 8(A).
[9] (Emphasis added by First Appellate District.) Miskinis v. ChesterTwp. Park Dist. (1996), 112 Ohio App.3d 466, 471, quoting Fancher v.Fancher (1982), 8 Ohio App.3d 79, 83, quoting 5 Wright Miller, Federal Practice Procedure: Civil (1969), at 120-123, Section 1216.
[10] Snyder v. Snyder, 11th Dist. No. 2004-A-0056, 2007-Ohio-122, at ¶ 40, quoting Lake Land Emp. Group of Akron, LLC v. Columber,101 Ohio St.3d 242, 2004-Ohio-786, at ¶ 14, citing Kostelnik v. Helper,96 Ohio St.3d 1, 2002-Ohio-2985, at ¶ 16.
[11] 17 Ohio Jurisprudence 3d (2001) 397, Contracts, Section 48, citing Crocker v. Hood (1996), 113 Ohio App.3d 478, 482, Snell v. SalemAve. Assoc. (1996), 111 Ohio App.3d 23, 31, Ford v. Tandy Transp.,Inc. (1993), 86 Ohio App.3d 364, 380.
[12] Id. at 395, Contracts, Section 46, citing Carlisle v. T RExcavating, Inc. (1997), 123 Ohio App.3d 277, 283.
[13] Carlisle v. T R Excavating, 123 Ohio App.3d at 283.
[14] In re Knisely's Estate (July 8, 1943), 27 O.O. 216, 1943 Ohio Misc. LEXIS 253, at *12.
[15] 17 Ohio Jurisprudence 3d (2001) 389, Contracts, Section 39.
[16] Hamilton v. Long (1990), 67 Ohio App.3d 846.
[17] Id. at 848.
[18] Stonecreek Properties LTD. v. Ravenna Sav. Bank, 11th Dist. No. 2002-P-0129, 2004 Ohio-3679, at ¶ 43.
[19] In re Knisely's Estate, supra, at *12.
[20] Lightbody v. Rust, 8th Dist. No. 80927, 2003-Ohio-3937, at ¶ 40.
[21] Woofter v. Woofter, 11th Dist. No. 2005-T-0124, 2006-Ohio-5177, at ¶ 18, quoting Estate of Cowling v. Estate of Cowling,109 Ohio St.3d 276, 2006-Ohio-2418, at ¶ 18, quoting Ferguson v. Owens (1984),9 Ohio St.3d 223, 225, quoting 76 American Jurisprudence 2d (1975), 446, Trusts, Section 221. *Page 1